UNITED STATES, Appellee

v

ALBERT E. LITTLEPAGE, Sergeant First Class,
U. S. Army, Appellant

10 USCMA 245, 27 CMR 319

No. 11,365

Decided February 27, 1959

*First Lieutenant James G. Garner* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig* and *First Lieutenant William H. Carpenter*.

*First Lieutenant Jay D. Fischer* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee, Major Thomas J. Nichols,* and *First Lieutenant Jon R. Waltz.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted Sergeant First Class Littlepage of larceny of $30.00, dishonorable failure to put sufficient funds in a bank to pay a $30.00 check drawn thereon, a one-day unauthorized absence, and breach of restriction. In his argument on the sentence, defense counsel emphasized that the accused had twelve years of service, with the last five years in the grade of sergeant first class; that he was married and had six children, the youngest only sixteen days old. The court was advised that the maximum punishment it could impose was dishonorable discharge, total forfeitures, and confinement at hard labor for one and one-half years. The court sentenced the accused to a bad-conduct discharge. The findings and sentence were approved without modification by the convening authority, the Commanding General of the First Airborne Division. Pending appeal, Littlepage was reduced from Sergeant First Class to Recruit. The initial court-martial order, which shows the results of the trial and the action of the convening authority, is indicated as the basis for the reduction.

The accused contends the law officer erred to his prejudice by failing to instruct the court-martial it could convict him of either Charge I or Charge II, but that it could not convict him of both offenses. Charge I alleges the larceny of $30.00 from the Phillips Elliott Store. Charge II sets out the issuance of a $30.00 check to the order of cash and the dishonorable failure to place sufficient funds in the drawee bank for payment upon presentment thereof. The evidence shows the accused was a customer of the Elliott store. At his request the proprietor cashed a $30.00 check drawn by the accused on the First National Bank, Tennessee. In due course the check was presented to the bank for payment, but payment was refused because the accused had no account. The transaction was charged as a larceny, in violation of Article 121, and also as a "bad check" offense, in violation of Article 134, Uniform Code of Military Justice, 10 USC §§ 921 and 934, respectively.

In substance, the accused contends that since larceny requires a specific intent to deprive the owner permanently of his property at the time of taking, his conviction on that specification negatives the idea that the check was issued in good faith but was not paid at a later date because of lack of good faith or gross indifference on the part of the accused. Consequently, the argument continues, the law officer should have instructed the court that it could convict the accused of one or the other of the charges, but not of both. See United States v Daigle, 149 F Supp 409 (DC DC), affirmed 248 F2d 608 (CA DC Cir) (1957); Fulton v United States, 45 App DC 27; United States v Peskin, 173 F2d 97 (CA3d Cir) (1949), dissenting opinion by Judge O'Connell.

A criminal act may be charged in

several ways to meet the exigencies of proof. United States v Drexler, 9 USCMA 405, 26 CMR 185. Once all the evidence is in, the law officer may properly dismiss a charge which duplicates another. United States v Strand, 6 USCMA 297, 20 CMR 13. He may also properly instruct the court-martial that if it convicts on one charge, it should acquit on another which is negatived by the findings on the first. United States v Daigle, supra. In the first instance, a failure to instruct is not prejudicial to the accused if the two charges on which findings of guilty are returned are not made the basis for separate punishment. See United States v Posnick, 8 USCMA 201, 24 CMR 11; United States v McCormick, 3 USCMA 361, 12 CMR 117. In respect to the second case, the accused contends that all the findings of guilty must be set aside.

It has been said that the "verdict on one count of an indictment cannot have the effect of determining factual issues under another count, even though the same evidence is offered in support of both counts." Bryson v United States, 238 F2d 657, 663 (CA9th Cir) (1956). At least since Dunn v United States, 284 US 390, 76 L ed 356, 52 S Ct 189 (1932), Federal courts have followed the rule that inconsistency in the jury verdict does not justify setting aside findings of guilty sustained by the evidence. See United States v Dotterweich, 320 US 277, 88 L ed 48, 64 S Ct 134 (1943); Manley v United States, 238 F2d 221 (CA6th Cir) (1956). The cases are usually concerned with acquittal on a count setting out a fact included in and required for conviction on another count in the same indictment. If acquittal does not constitute a sufficient basis for invalidating findings of guilty on another count, it would seem that a conviction should not have that effect, without regard to whether the findings on the two counts be called "inconsistent" or "contradictory." See State v Meshaw, 246 NC 205, 98 SE2d 13; cf. Webster's New International Dictionary, 2d ed, page 1259. However, we need not choose between the Daigle rule and that of Bryson; neither need we attempt to reconcile their views. Assuming that the Daigle rule is applicable, conviction on the larceny charge does not negative an essential fact required for conviction on the bad check charge. The accused assumes the latter offense requires an affirmative finding that the check was issued in good faith. Good faith in the issuance of a check is not an essential element of the offense. True, the existence of an intent to deceive at issuance is an aggravating circumstance, which, if alleged and proved, authorizes greater punishment. United States v Downard, 6 USCMA 538, 20 CMR 254. But the absence of an allegation of bad faith does not mean that good faith must be affirmatively shown. Rather, it merely relieves the prosecution of the burden of proving beyond a reasonable doubt that the accused entertained an intent to deceive. Yet, the circumstances at the time of the issuance may show, as in this case, that the accused had an intent to deceive. It is apparent, therefore, that the conviction for larceny is consistent with the findings of guilty of the bad check charge. Even under the Daigle doctrine, the law officer was not required to instruct the court-martial that if it returned a verdict of guilty of larceny, it should acquit the accused of the check offense.

Moving to the sentence, the accused contends he cannot be punished separately for both the larceny and bad check offenses. The question has been before us in other cases, but it was unnecessary to reach the issue because the board of review specifically reassessed the sentence in the light of the accused's contention. United States v Bell, 8 USCMA 193, 24 CMR 3; United States v Wells, 9 USCMA 509, 514, 26 CMR 289.

Abstract consideration of the elements of the offenses indicates that each requires a finding of fact not required for the other. See People v Freedman, 111 Cal App 2d 611, 245 P2d 45. However, this Court has reiterated that the fundamental rule is that the accused shall "not be twice punished for the same offense." United States v Posnick,

**247**

8 USCMA 201, 203, 24 CMR 11. In applying that rule we held that when evidence, sufficient for conviction under one charge, will also convict under another, the two offenses are not separately punishable. United States v Modesett, 9 USCMA 152, 25 CMR 414; United States v Dicario, 8 USCMA 353, 24 CMR 163; United States v Brown, 8 USCMA 18, 23 CMR 242. In United States v Bittinger, 23 CMR 611, the board of review held, under circumstances similar to those present here, that inasmuch as a check was the "means . . . employed to accomplish" the larceny it was "integrated" into the larceny and could not be the basis for separate punishment. In the face of that holding, the Government concedes the charges are not separately punishable. The *Bittinger* decision, and the concession predicated on it, are correct. A similar situation was presented in United States v Rosen, 9 USCMA 175, 25 CMR 437. The accused was charged with preparation and use of three false pay orders, and with larceny of the money obtained thereby. We held that the evidence to support one charge also proved the other, and, consequently, the two were not separately punishable. See also United States v Walker, 8 USCMA 640, 25 CMR 144. It was error for the law officer not to instruct the court-martial to that effect. The error was not considered by any intermediate appellate authority, and remains uncorrected.

In a second attack on the sentence, the accused contends he was prejudiced by the failure to accord him an opportunity to explain or rebut materially harmful matter obtained from his company commander by the staff judge advocate and submitted to the convening authority in the post-trial review. See United States v Griffin, 8 USCMA 206, 24 CMR 16; United States v Vara, 8 USCMA 651, 25 CMR 155. Since the instructional error requires reconsideration of the sentence and the alleged deficiency in the post-trial proceeding can be corrected at that time, we need not consider the merits of this assignment.

Finally, the accused maintains he was improperly reduced to the lowest enlisted grade in the absence of any reduction in the sentence by the court-martial. The documentary evidence offered in support of the claim unmistakably indicates the reduction was effected under the provisions of paragraph 126e of the Manual for Courts-Martial, United States, 1951, as amended by Executive Order No. 10652, January 10, 1956, 21 FR 235, which directs reduction to the lowest enlisted grade immediately upon approval by the convening authority of a court-martial sentence which includes a punitive discharge, whether or not suspended. In United States v Simpson, 10 USCMA 229, 27 CMR 303, we held that such a provision is judicial in nature and has the effect of increasing the sentence of the court-martial. The reduction, therefore, is illegal.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to The Judge Advocate General of the Army for reference to a convening authority for proceedings consistent with this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I concur generally with the Court's opinion on the first three issues, except that I have reservations as to whether the multiplicity is prejudicial under the circumstances of this case. However, there is an area of more fundamental disagreement which causes me to dissociate myself from my colleagues' discussion of, and reversal for, the automatic reduction.

The only items in this file indicating any reduction, and upon which accused predicates his last assignment of error, are two documents furnished by him on appeal. One appears to be a copy of a military pay order authorizing the disbursing officer to adjust accused's pay record because of his sentence by general court-martial. The other is purportedly an extract copy of a morning report reflecting accused's reduction to the lowest enlisted grade effective as

of the date of the convening authority's action. I do not question the contents of either document, but they were prepared well over one year after accused was sentenced and the officer exercising general court-martial jurisdiction approved. Obviously, the entries were made pursuant to regulations and for the purpose of adjusting the pay account of the accused, and correcting his records to show his true rank.

While the Court's reversal is based on the principle announced in United States v Simpson, 10 USCMA 229, 27 CMR 303, the instant case goes further and compels the conclusion that we are meddling in the administrative affairs of the services. My reasons for not joining with my associates are fully set out in my concurring and dissenting opinion in *Simpson,* but in this instance I add that apparently we are seeking to compel the Army to change its personnel policies on promotions and reductions, or to require a personnel officer to expunge from accused's records an entry he must make in the performance of his official duties. Perhaps I can make my point clear by stating that the original sentence did not reduce the accused and, according to law, the next one cannot provide for a reduction since that would be increasing the punishment. The officer making the entry acted pursuant to regulations and if, on a rehearing, the subsequent sentence provides, as did the first, for a punitive discharge only, the same entry must be made not only in the documents previously mentioned but also in accused's service record. It, therefore, appears to me that we are either performing a futile act or exceeding our jurisdiction by reaching into the fields of service administration and civil law.