UNITED STATES, Appellee

v

CALVIN CONWAY GETER, Airman,
U. S. Navy, Appellant

15 USCMA 209, 35 CMR 181

No. 18,182

January 6, 1965

Lieutenant K. L. Abernathy, USN, was on the brief for Appellant, Accused.

Commander M. S. Ochstein, USNR, was on the brief for Appellee, United States.

### Opinion of the Court

PER CURIAM:

Tried by special court-martial, accused stands convicted of absence without leave for less than one day, wrongful possession of a false leave authorization, and breach of restriction, violative of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934. After receiving evidence of two prior convictions by summary court-martial, the court sentenced accused to bad-conduct discharge, confinement at hard labor for two months, and reduction in grade. Such sentence having been approved at intermediate levels of review, accused petitioned this Court under the provisions of Article 67(b)(3), Uniform Code of Military Justice, 10 USC § 867.

Accused's unauthorized absence and

209

his breach of restriction were properly treated by the court-martial president as multiplicious for sentence purposes. Thus, the maximum penalty permitted for those offenses under the Table of Maximum Punishments extends only to confinement and partial forfeitures for one month. As the specification involving the false leave authorization does not allege that accused's possession of the instrument was accompanied by an intent to deceive, that offense is punishable, as a disorder, by confinement and forfeiture of two-thirds pay for four months. United States v Karl, 3 USCMA 427, 12 CMR 183; United States v Blue, 3 USCMA 550, 13 CMR 106. Thus, it is apparent that a punitive discharge was authorized as part of accused's sentence only due to the evidence of two prior convictions. Table of Maximum Punishments, Section B, paragraph 127, Manual for Courts-Martial, United States, 1951.

At no time did the president advise the court-martial, in his instructions on sentence, that the bad-conduct discharge was imposable only because of the previous convictions. Indeed, his only reference to the impact of the prior convictions was that they affected the applicable period of forfeitures. In view of those circumstances, and in light of trial counsel's argument on sentence—the thrust of which was that accused's pattern of conduct made his retention in the Navy detrimental to the service—it is apparent that the instant case falls within the purview of our opinion in United States v Hutton, 14 USCMA 366, 34 CMR 146. Chief Judge Quinn dissented in that case, but agrees that decision is controlling here.

Accordingly, accused's petition for review is granted. The decision of the board of review as to sentence is reversed and the record of trial is returned to The Judge Advocate General of the Navy for further action. The board of review may affirm a sentence which does not include a bad-conduct discharge, or a rehearing may be ordered on the penalty.