UNITED STATES, Appellee

v

RONALD E. TONEY, Private First Class, U. S. Marine Corps, Appellant

16 USCMA 296, 36 CMR 452

No. 19,488

July 15, 1966

*Major Ernest B. Wright*, USMC, was on the pleading for Appellant, Accused.

*Colonel J. E. Hanthorn*, USMC, was on the pleading for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The petitioner appeals from his sentence to a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $45.00 per month for a like period, following his conviction for the offense of assault and battery under Article 128, Uniform Code of Military Justice, 10 USC § 928.

We find merit in his appeal. The maximum imposable punishment for this offense, standing alone, is confinement at hard labor for six months and forfeiture of two-thirds pay for six months. However, as in this case, where an accused is found guilty of an offense or offenses for none of which a dishonorable or bad-conduct discharge is authorized, proof of two or more previous convictions will authorize the imposition of a bad-conduct discharge and forfeiture of all pay and allowances. Table of Maximum Punishments, Section B, paragraph 127c, Manual for Courts-Martial, United States, 1951.

In the case at bar, evidence of three prior convictions was admitted and the president of the court correctly instructed the members as to the maximum imposable punishment. In so doing, however, he did not inform them that the bad-conduct discharge was imposable only because of the previous convictions. This was error. United States v Geter, 15 USCMA 209, 35 CMR 181. See also, United States v Hutton, 14 USCMA 366, 34 CMR 146.

Accordingly, appellant's petition for review is granted. The decision of the board of review as to sentence is reversed and the record of trial is returned to The Judge Advocate General of the Navy for further action. The board of review may affirm a sentence which does not include a bad-conduct discharge, or a rehearing may be ordered on the penalty.