UNITED STATES, Appellant

v

HENRY AARON FERREE, Jr., Airman Recruit,
U. S. Navy, Appellee

16 USCMA 506, 37 CMR 126

No. 19,725

February 10, 1967

Lieutenant Colonel *Frederick H. Campbell,* USMC, argued the cause for Appellant, United States. With him on the brief was Lieutenant *(jg) Charles Freeland,* USNR.

Major *Ernest B. Wright,* USMC, argued the cause for Appellee, Accused.

Opinion of the Court

KILDAY, Judge:

Appellee was arraigned before a special court-martial convened at the U. S. Naval Air Station, Memphis, Tennessee, charged with a three-day, seven-minute unauthorized absence from the U. S. Naval Hospital, Memphis, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, and breaking restriction from certain hospital areas, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934.

He pleaded guilty, and was found guilty as charged. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $83.00 per month for the same period. The convening authority approved the sentence, but suspended the execution of the bad-conduct discharge for the period of confinement and six months thereafter, with provi-

sion for automatic remission. The supervisory authority approved this action. A board of review, in the office of the Judge Advocate General of the Navy, found prejudicially defective the trial presentencing procedure. Accordingly, it affirmed the findings of guilty, but only so much of the sentence approved on review below that provided for confinement at hard labor for four months and forfeiture of $80.00 per month during the period of confinement. The Judge Advocate General of the Navy thereupon certified an issue, which will be hereafter stated.

The unauthorized absence, in this case, standing alone, supports a maximum sentence of confinement at hard labor for six months, forfeitures not to exceed two-thirds pay per month for six months, and reduction in grade. The breaking restriction offense permits punishment not in excess of confine-

506

ment at hard labor for one month, forfeitures of two-thirds pay for one month, and reduction in grade.

Combined, these offenses would normally permit the addition of a bad-conduct discharge. Paragraph 127c, § B, Manual for Courts-Martial, United States, 1951, states in part:

"If an accused is found guilty of two or more offenses for none of which dishonorable or bad conduct discharge is authorized, the fact that the authorized confinement without substitution for such offenses is six months or more will, in addition, authorize bad conduct discharge and forfeiture of all pay and allowances. But see 126c(1)."

However, the offenses in this case were treated as multiplicious. Accordingly, another portion of this same Manual section comes into play. It provides:

"If an accused is found guilty of an offense or offenses for none of which dishonorable or bad conduct discharge is authorized, proof of two or more previous convictions will authorize bad conduct discharge and forfeiture of all pay and allowances and, if the confinement otherwise authorized is less than three months, confinement at hard labor for three months."

At the appropriate time during the presentencing portion of the trial proceeding, the president of the court-martial advised his fellow members:

"The court is instructed that the maximum legal sentence that can be adjudged in this case is: To be discharged from the naval service with a bad conduct discharge, to forfeit two-thirds pay per month for a period of six months, and to be confined at hard labor for a period of six months."

On the other hand, no instruction as to the basis for the availability of the bad-conduct discharge was ever given.

Members of the board of review are in unanimous agreement that had not two previous convictions been offered into evidence, a bad-conduct discharge could not have been adjudged. Moreover, all agreed the president erred in not informing the court members of this fact when instructing on the sentence. Past this juncture, however, there is a diversity of views. One board member dissentingly contends that prejudice is nonexistent since the court members were alerted, in another fashion, to the relationship of the bad-conduct discharge and the prior convictions. This rationale rests upon the fact that with the plea of guilty, petitioner was advised by the president:

"The maximum punishment authorized for the offenses to which you have pleaded guilty is: To forfeit two-thirds pay per month for a period of six months, to be confined at hard labor for a period of six months, and to be reduced to pay grade E–1.

"You are further advised that evidence of two or more previous convictions will affect the maximum punishment authorized in your case to include a possible bad conduct discharge. You may withdraw your plea of guilty to the charges and specifications at this time."

With this factual background, we turn to the certified question. The Judge Advocate General of the Navy asks:

"In view of the advice provided by the president to the accused at the time of his pleas in open court regarding the effect upon the maximum permissible sentence which proof of two or more previous convictions would have, was the board of review correct in holding prejudicial error the failure of the president to advise the court during presentencing procedure that a bad conduct discharge was imposable only because of proof of prior convictions which had been received?"

Observing first that Navy boards of review are divided on the issue in quesion, Government counsel agree that resolution of the problem before us requires consideration of this Court's opinions in United States v

Hutton, 14 USCMA 366, 34 CMR 146; United States v Geter, 15 USCMA 209, 35 CMR 181; and United States v Toney, 16 USCMA 296, 36 CMR 452. Collectively, these cases are said to announce the rule that courts-martial, in adjudging sentences, must make their decisions on an informed basis.

*Geter* and *Toney*, both supra, are per curiam opinions. In both instances, only two or more previous convictions permitted the imposition of a bad-conduct discharge. Fundamentally, these two cases were reversed because the court members were not so informed.

United States v Hutton, supra, is closer factually to the case at hand. True, "[a]t no time were the court members informed that the offenses to which accused [Hutton] pleaded guilty did not permit imposition of a punitive discharge, Manual, supra, paragraph 127c, but that this serious penalty was permitted only on the basis of the evidence of two previous convictions." United States v Hutton, supra, at page 369. Nevertheless, Hutton was informed, as was Airman Ferree, of the maximum imposable punishment at the time of entering his plea; albeit, not in the same exact fashion.

Regardless, argument is made that the "common thread" running through these three prior cases is the "total absence" of any mention by the presidents of those courts as to the relationship between the prior convictions and the subsequent imposition of a punitive discharge. In the case at bar, this requirement is said to have been satisfied by the president's advice to Ferree at the time of pleading. Necessarily—say counsel for the Government—it must be inferred the court members were attentive to this portion of the proceeding and, being aware of this advice to the accused, they were equally conscious of the legal concepts and implications involved.

Even though we might accord this argument full value, the fact remains, as opposing counsel points out, warning to the accused that a bad-conduct discharge could be imposed if evidence of two previous convictions was received is hardly the equivalent of an instruction intending to insure that court members would understand that a bad-conduct discharge could not be imposed but for evidence of previous convictions.

Yet, it is said, the situation at hand is analogous to that found in those cases dealing with the problem of offenses multiplicious for sentence purposes. In essence, "[w]here there is failure to instruct that certain offenses are not separate for punishment purposes, so long as a court-martial has been correctly advised on the maximum punishment, prejudicial error has not been found."

To this argument, we need but say that were it of merit, United States v Hutton, supra, would have been affirmed, not reversed.

United States v Hutton, supra, and the case now before us are but one. The preciseness of the president's instructions to the accused here, as compared to that given in *Hutton*, represent—legally speaking—a distinction without a difference. Failure to correctly instruct a court that a bad-conduct discharge is imposable only because of two prior convictions constitutes error; make-weight additives notwithstanding.

We are certain, too, the error has worked to the accused's prejudice. But for seven minutes, maximum punishment for the unauthorized absence in this case would have consisted not of reduction in grade, six months confinement at hard labor and partial forfeitures for a comparable period, but, rather, reduction in grade and only one month's confinement with a similar period of forfeitures. In fact, with multiplicity having been raised, this would have been the maximum punishment imposable for both offenses charged.

That a greater maximum did exist does not militate against the obvious minuteness of such charges. Who can say, therefore, that a bad-conduct discharge would have been awarded this accused had these facts been made

known to the court through the medium of the missing instruction.

The certified issue is answered in the affirmative. The decision of the board of review is affirmed.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

Although I dissented in United States v Hutton, 14 USCMA 366, 34 CMR 146, that case established the requirement for an appropriate instruction on the effect of previous convictions on the sentence. Accordingly, I concur in the result.