UNITED STATES, Appellee

v

ORBERT SANFORD GOODBEAR, Private First Class,
U. S. Marine Corps, Appellant

16 USCMA 593, 37 CMR 213

No. 19,921

March 24, 1967

*Lieutenant Warren K. Morgens*, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Edward A. Infante*, USNR, was on the pleadings for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a special court-martial convened at Camp Lejeune, North Carolina, charged with absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He pleaded guilty and was found guilty as charged. He was sentenced to a bad-conduct discharge, forfeiture of $60.00 per month for six months, confinement at hard labor for six months, and reduction to the grade of private. The convening authority approved the sentence. The supervisory authority, however, approved only so much of the sentence as provided for a bad-conduct discharge, suspended for the period of confinement

and six months thereafter with provision for automatic remission, forfeiture of $60.00 per month for four months, confinement at hard labor for four months, and reduction to the pay grade of E-1. A board of review in the office of the Judge Advocate General of the Navy affirmed the finding of guilty and the sentence. This Court thereafter granted accused's petition for review upon the issue of whether or not he was prejudiced as to the sentence by the failure of the president to reiterate, during instructions to the court on sentence, that only the introduction of two previous convictions authorized the imposition of a bad-conduct discharge.

The record of trial reveals that the

president of the court instructed the members as to the maximum imposable punishment. He did not specifically instruct that the bad-conduct discharge was imposable only because of two previous convictions. This was error. The defect found in this record is substantially identical to that found in United States v Ferree, 16 USCMA 506, 37 CMR 126. Our opinion in that case is controlling.

Accordingly, the decision of the board of review as to the sentence is reversed, and the record of trial is returned to the Judge Advocate General of the Navy for further action. The board of review may affirm a sentence which does not include a bad-conduct discharge or a rehearing may be ordered on the penalty.

Chief Judge QUINN and Judge FERGUSON concur.