UNITED STATES, Appellee

v

JAMES L. THOMAS, Lance Corporal, U. S. Marine Corps, Appellant

17 USCMA 22, 37 CMR 286

No. 19,821

May 5, 1967

*Major L. G. Bohlen,* USMC, argued the cause for Appellant, Accused. *Lieutenant Charles Freeland,* USNR, argued the cause for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Tried before a special court-martial convened at the Naval Air Technical Training Center, Naval Air Station, Memphis, Tennessee, by the Commanding Officer, Marine Aviation Detachment, the accused pleaded guilty to two charges of unauthorized absence, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886. He was duly found guilty and sentenced to bad-conduct discharge, confinement at hard labor for three months, forfeiture of $60.00 per month for a like period, and reduction. The convening authority reduced the period of confinement and forfeitures to one month, the amount of the forfeitures to $50.00, and approved the reduction and punitive discharge. However, he suspended the latter items for the period of confinement and six months thereafter, with provision for automatic remission. The supervisory authority and board of review affirmed the sentence as thus modified. We granted accused's petition for review on the issues:

A. IT WAS PREJUDICIAL ERROR FOR THE PRESIDENT OF THE COURT-MARTIAL TO FAIL TO INSTRUCT THE COURT THAT A BAD-CONDUCT DIS-CHARGE COULD BE IMPOSED ONLY BE-CAUSE OF THE PREVIOUS CONVICTIONS.

B. WHETHER PROSECUTION EXHIBIT NO. 2 CONSTITUTED A PRIOR CONVIC-TION WITHIN THE MEANING OF PAR-AGRAPH 127c, SECTION B, PARAGRAPH 33h, MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1951.

I

The first issue is resolved by our decision in United States v Ferree, 16 USCMA 506, 37 CMR 126. As we noted in that case, it is the duty of the president of a special court-martial to instruct the court that a bad-conduct discharge may be adjudged only on the basis of the evidence of previous convictions when such is the case. See United States v Hutton, 14 USCMA 366, 34 CMR 146; United States v Geter, 15 USCMA 209, 35 CMR 181; and United States v Toney, 16 USCMA 296, 36 CMR 452. That duty is not satisfied by the advice of the president to the accused, on receiving a plea of guilty, that a bad-conduct discharge may be adjudged if evidence of previous convictions is received. United States v Ferree, supra; United States v Killion,

16 USCMA 511, 37 CMR 131; United States v Stanton, 16 USCMA 526, 37 CMR 146. Hence, it was error for the president to fail to so instruct the court.

## II

The second issue involves the question whether one of the previous convictions, evidence of which was received at the trial, may serve as a basis for the permissible additional punishment of bad-conduct discharge, partial forfeitures, and confinement at hard labor for three months, authorized by Section B, paragraph 127c, Manual for Courts-Martial, United States, 1951. The following circumstances are material to our inquiry.

On March 18, 1966, accused was tried by special court-martial for various offenses and sentenced, among other penalties, to perform hard labor without confinement for two months. That portion of the sentence was approved and ordered executed on April 7, 1966. No one questions the validity of this previous conviction.

On April 29, 1966, accused failed to repair to hard labor muster, without proper authority to be absent therefrom. For this, he was duly tried and convicted on May 18, 1966, by summary court-martial, on charges referred to trial on May 11, 1966. The conviction was finally approved on June 1, 1966.

The charges on which accused was arraigned, and to which he pleaded guilty in the present trial are similar failures to repair to hard labor muster. They occurred on May 13, 1966, and May 14, 1966. Charges, however, were not preferred for these offenses until May 26, 1966, and accused's trial was conducted on June 13, 1966. The convening authority's action on the case indicates that these "latter violations which resulted in this special-court-martial were pending investigation at the time of THOMAS's [earlier] summary court-martial." In an affidavit filed here by the Government without objection by the defense, the convening authority avers he "was not personally aware at the time of referral or prior to trial of the summary court-martial

of the offenses committed on 13 and 14 May 1966."

Accused's contention, basically, is that his summary court-martial conviction of May 18, 1966, may not be treated as a previous conviction for the purpose of justifying the permissible additional punishments involved, as his instant offenses were committed prior to that summary court being convened. Hence, he urges that the later charges and the earlier one should have all been consolidated and tried together, in which event, of course, there would have been only one previous conviction and no basis for adjudication of the bad-conduct discharge, additional confinement, and forfeitures.

Basic policies for the disposition of charges are set forth in the Manual, supra. Thus, it provides that "charges against an accused, if tried at all, should be tried at a single trial by the lowest court that has power to adjudge an appropriate and adequate punishment." Manual, supra, paragraph 30f. The convening authority may include in his reference to trial a direction that additional charges "be tried with certain other charges against the accused." On the other hand, charges should be speedily tried. Code, supra, Articles 10, 33, 10 USC §§ 810, 833; United States v Williams, 16 USCMA 589, 37 CMR 209. Prior to such action, there must be a preliminary inquiry; the charges must be prepared and preferred; and an informed decision made as to whether they should be tried and, if so, the nature of the tribunal which is to hear them. Manual, supra, paragraphs 29–33, supra. Needless to say, all these steps consume time and envision exercise of a judicial discretion on the part of persons empowered to take such action.

Of course, it should go without saying that, as accused contends, if an officer improperly withholds charges in order to provide a base of previous convictions on which to invoke the provisions of Section B, paragraph 127c, Manual, supra, at a subsequent trial, we would not hesitate to strike down the adjudication of any such additional

punishments. And the fact that the convening authority knew not of the other offenses at the time of his ordering the earlier trial would not militate against such action. So to hold would mean the accused's immediate commander might withhold that knowledge or charges from his superior with impunity in order to increase the accused's punishment at a later trial. In short, we consider the issue on the basis that the convening authority is chargeable with such knowledge in referring the case for trial.

Be that as it may, there is no basis in this record for concluding any improper action was taken. It clearly reflects the charge involved in the previous conviction was referred to trial by summary court-martial on May 11, 1966, two days prior to the commission of the offenses involved here. Accused was actually tried four days thereafter on May 18. To say there was an improper withholding of the charges on these later offenses ignores the need for a preliminary inquiry into the facts, the drawing of specifications, and the duty to try the earlier charges as speedily as possible. Cf. United States v Williams, supra. In short, we find no basis to conclude here that the convening authority acted improperly in permitting charges already referred to trial to be tried without consolidation with the later offenses of the accused.

## III

In any event, there is clearly now no cause for complaint by the accused with respect either to the instructional omission by the president or the separate trials involved. As noted above, the convening authority reduced the period of confinement and forfeitures to one month and suspended the bad-conduct discharge. The Government informs us that the discharge and accused's reduction in grade have since been remitted. Such action with respect to the discharge is equivalent to its disapproval. United States v Cieslak, 13 USCMA 216, 32 CMR 216. In the end result, therefore, accused has not been subjected to any additional punishment based on his previous convictions, and there is, on this record, no risk of prejudice to his substantial rights.

The decision of the board of review is affirmed.

Judge KILDAY concurs.

QUINN, Chief Judge (concurring in the result):

In United States v Dickenson, 6 USCMA 438, 453, 20 CMR 154, we pointed out some obstacles to imputing the knowledge of one person in a chain of command to another. Without telling us how, or whether, they have eliminated the obstacles, the majority hold that, in a case involving paragraph 30*f* of the Manual for Courts-Martial, United States, 1951, the convening authority must, as a matter of law, be charged with knowledge of the wrongful motives of a subordinate commander. Since there is no discussion of the problems mentioned in *Dickenson,* I am not convinced of the validity of the majority's conclusion. However, the question of imputation of wrongful intent is totally immaterial to this case. Consequently, I reserve decision on the issue, and concur only in the result reached by the majority.