**UNITED STATES**

v.

**Airman Basic Carl A. HUFF, FR 574–26–8398, 21st Security Police Squadron, Alaskan Air Command.**

**ACM 22285.**

U. S. Air Force Court of Military Review.

9 Jan. 1978.

---

2. Federal Rules of Evidence, 28 U.S.C. Rule 201(b).

Appellate Counsel for the Accused: Colonel Robert W. Norris, Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, Senior Judge, and ORSER and ARROWOOD, JJ.

## DECISION

PER CURIAM:

Tried by a military judge sitting alone as a general court-martial, the accused was convicted, consistent with his pleas, of two specifications of larceny (one of government property valued at $1,136.00, the other of private property valued at $40.80), two specifications involving drugs (wrongful sale and use of amphetamines), and one specification of making a false claim in the amount of $704.40, in violation of Articles 121, 132 and 134, respectively, of the Uniform Code of Military Justice, 10 U.S.C. §§ 921, 932, 934. Contrary to his plea, the accused was also convicted of a third specification of larceny of private property valued at $39.95, in violation of Article 121 of the Uniform Code. The approved sentence is a bad conduct discharge, confinement at hard labor for two years and forfeiture of all pay and allowances.

Only one of the several errors assigned by the accused and on his behalf by appellate defense counsel warrants discussion. All others are either without merit or were adequately addressed by the staff judge advocate in his review and properly resolved adversely to the accused.

In the lone error we address, appellate defense counsel contend that three records of punishment under Article 15, Code, supra, as well as an action vacating a punishment which had been suspended in one of them, were improperly considered by the court. Citing *United States v. Booker*, 3 M.J. 443 (C.M.A. 1977), counsel argue that the records of punishment fail to reflect a knowing and intelligent decision by the accused to accept nonjudicial punishment as an alternative to exercising his right to demand a criminal proceeding with its attendant constitutional safeguards. We disagree.

As appellate government counsel note, unlike the terse form criticised by the Court in the *Booker* case, in each of the records of

Article 15 punishment here challenged,* the letter of notification, though preprinted, contains comprehensive advice to the accused as to his rights and the ramifications of accepting punishment by Article 15. Moreover, and of paramount significance as far as *Booker* is concerned, two of the records of Article 15 punishment indicate that the accused exercised the right granted him to consult with independent legal counsel *prior* to deciding whether to accept or decline nonjudicial punishment. The third Article 15 record, which postdates the other two, indicates that the accused waived his right to consult with legal counsel, although, as in the other two instances, he was urged to do so if he had any questions or needed any assistance. On the basis of the legal counseling he presumably received concerning the prior Article 15 punishments, we have no hesitancy in concluding that in this instance, like the others, the accused was well aware of his statutory rights.

Under the circumstances, we are satisfied that the evidence demonstrates a valid personal waiver by the accused of his right to trial in a criminal proceeding respecting each Article 15 punishment. The military judge cannot be faulted for failing to conduct further inquiry on the record.

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

---

* We need not include the record of the Article 15 vacation action in our analysis, since as to such proceeding an accused has no statutory right to removal to trial in a criminal forum.