UNITED STATES

v.

**Airman First Class Ronald B. SMITH, FR 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, United States Air Force.**

**ACM S24559.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Sept. 1977.

Decided 2 March 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Lieutenant Colonel Larry G. Stephens and Captain John W. Johnson.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a special court-martial, with members,* the accused was convicted, despite his not guilty pleas, of one specification of larceny and two specifications of housebreaking in violation of Articles 121 and 130 of the Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930. He was acquitted of another specification of larceny which, the evidence shows, was the object of one of the housebreaking specifications. The approved sentence is a bad conduct discharge, confinement at hard labor for six months, forfeiture of $249.00 per month for six months and reduction to the grade of airman basic.

On this appeal, appellate defense counsel have assigned four alleged errors for our consideration. That which charges improprieties in the selection of the court panel is without merit. The matter was thoroughly considered in the review of the staff judge advocate and need not be further addressed in this decision.

The order by the United States Court of Military Appeals in *United States v. Huson,* 4 M.J. 240 (C.M.A.1978), is dispositive

---

* Pursuant to the accused's request, the court was composed of enlisted as well as officer members. Article 25(c)(1).

of the defense contention that the accused was denied the presence and assistance of counsel during his post-trial clemency interview as mandated by *United States v. Hill,* 4 M.J. 33 (C.M.A.1977). The *Huson* order specifies that the rights provided accused by *Hill* pertain only to post-trial interviews conducted on and after 28 November 1977. As the instant interview was conducted on 11 October 1977, this appellate claim is without merit.

■ Citing the personal advice and waiver of rights requirements of *United States v. Booker,* 3 M.J. 443 (C.M.A.1977), counsel next contend that evidence of punishment imposed on the accused under Article 15, Code, supra, was improperly considered by the court during the sentencing portion of the trial. We disagree.

The Article 15 correspondence in question (which, we note, was considered by the trial court in this case almost a month before *Booker* was decided) reflects comprehensive, albeit preprinted, advice to the accused as to his rights and the ramifications of accepting nonjudicial punishment. See *United States v. Huff,* 4 M.J. 731 (A.F.C.M. R.1978). The exhibit also contains the address of independent legal counsel and urges the accused to avail himself of his right to consult with such counsel.

Even though the exhibit indicates that the accused chose not to consult with legal counsel before he opted for nonjudicial punishment, we are still satisfied that the record overall is sufficient to affirmatively establish a valid personal waiver by the accused of his right to trial in a criminal proceeding. The Article 15 document was signed by the accused and his initials appear at every checked box indicating the exercise of an important option. The defense at trial did not object to the court's consideration of the Article 15 evidence. Under the circumstances, there was simply no need for the military judge to conduct an inquiry on the record to establish anything. All necessary information was plainly self-evident in the Article 15 correspondence.

In the last of the assigned errors we consider, counsel claim there is insufficient evidence as a matter of law to sustain the accused's conviction of one of the two house-breaking offenses. This contention is grounded on the fact that the court members acquitted the accused of the larceny offense which the record shows was the subject of the accused's larcenous intent in connection with the housebreaking charge. Since the court members found the accused not guilty of the corresponding larceny offense, say counsel, there is no evidence we may consider which establishes the essential element of an intent to commit larceny contained in the housebreaking specification. We disagree.

Counsel's argument, in essence, urges the adoption of what may be termed the doctrine of factual res judicata. This doctrine rests on the theory that inconsistent findings in a multiple count criminal proceeding are self-vitiating. The cases discussing the theory normally involve a jury acquittal of one count which sets forth an essential fact included in and required for conviction in another count in the same criminal indictment. See *United States v. Littlepage,* 10 U.S.C.M.A. 245, 27 C.M.R. 319 (1959); see also the annotation concerning the theory in 80 A.L.R. 171.

■ Assuming the findings are inconsistent as urged by appellate defense counsel, the court's finding of not guilty as to the larceny charge is not tantamount to a finding that the accused lacked the essential intent to commit larceny included in the related housebreaking specification. In so concluding, we choose to follow the strong majority rule obtaining in both federal and state courts (and cited with approval, we note, in military cases) that inconsistency in the jury verdict does not warrant setting aside findings of guilty sustained by the evidence. *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Dotterweich,* 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943); *Borum et al. v. United States,* 284 U.S. 596, 52 S.Ct. 205, 76 L.Ed. 513 (1932); *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956);

*United States v. Littlepage, supra; United States v. Spivey,* 23 C.M.R. 518 (A.B.R. 1957); *United States v. Nuckols,* 20 C.M.R. 471 (A.B.R.1955); *United States v. Risby,* 15 C.M.R. 838 (A.F.B.R.1954). For other federal and state court decisions involving the theory see the annotation in 16 A.L. R.3d 866. As the Court in *Steckler v. United States,* 7 F.2d 59, 60 (2d Cir. 1925), so aptly said concerning the significance of the inconsistent findings phenomenon:

> The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.

And, as stated by another Court, the "why" of jury action is a subjective element which cannot be made the basis of reversible error. *United States v. Margoles,* 294 F.2d 371 (7th Cir. 1961), cert. denied, 368 U.S. 930, 82 S.Ct. 367, 7 L.Ed.2d 193 (1961).

It follows, therefore, that each count in an indictment, and each specification referred to a court-martial, may properly be considered independent of others in determining evidentiary sufficiency. *Dunn v. United States,* supra. Bringing the matter into instant focus, the fact that the court, for reasons not disclosed, chose to acquit the accused of the larceny, the evidence as to which demonstrated the essential criminal intent involved in the housebreaking does not prevent this Court from considering such proof in our evidentiary evaluation of the housebreaking charge. Having duly considered all the competent evidence relevant to the offense, we are convinced beyond a reasonable doubt of the accused's guilt.

█ Although not assigned as error, we deem it appropriate to address the question of whether the military judge abused his discretion in denying a motion by the accused to sever the housebreaking and related larceny specifications shown to have occurred on 14 August 1977, from the identical set of offenses which occurred on 21 August 1977. In support of the motion the accused's counsel cited the ABA Standards Relating to the Administration of Criminal Justice, Compilation, page 291 (1974).

The referenced section of the approved standards states in pertinent part:

2.2 Severance of offenses.

(a) Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses.

(b) The court, on application of the prosecuting attorney, or on application of the defendant other than under subsection (a), should grant a severance of offenses whenever:

.    .    .    .    .

(ii) if during trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The court should consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

The defense counsel contended that trial of all charged offenses together would be unfair to the accused. Counsel pointed out that the offenses charged as having occurred on 14 August 1977 were totally unrelated to those of 21 August 1977, and they were joined for trial solely because of their similar character. The defense argued that the government's evidence would show sufficiently similar conduct on each separate occasion to create a high risk of confusion concerning the evidence relating to each specific charge. Counsel voiced concern that if the court members were convinced of the accused's guilt of one housebreaking/larceny transaction, such conviction might unfairly influence them as to the unrelated set of charges.

We are satisfied the military judge properly denied the motion. In the first place, application of the cited ABA standard would be inconsistent with Air Force policy. Generally, the ABA standards are applicable to Air Force courts-martial "as far as practicable and when not inconsistent with the Uniform Code of Military Justice, Manual for Courts-Martial, 1969 (Rev.), and departmental directives." Air Force Manual 111–1, Military Justice Guide, paragraph 1–11, 2 July 1973. Pursuant to this policy, most of the ABA standards have been declared applicable in Air Force trials. Specific guidance on the subject is contained in a 12 August 1977 letter issued by the Director, USAF Judiciary, Office of The Judge Advocate General, to all Air Force staff judge advocates. The letter delineates which standards are fully applicable, which are applicable in principle, and which are not applicable. The letter states that the standard relating to severance of offenses is inapplicable in its entirety.

The Air Force position on the severance standard is no doubt influenced by the policy on the subject contained in the Manual for Courts-Martial. Paragraph 30*g* of the *Manual* provides:

Subject to jurisdictional limitations and at the discretion of the convening authority, charges against an accused, if tried at all, ordinarily should be tried at a single trial by the lowest court that has power to adjudge an appropriate and adequate punishment. See 26*c* and 33*h*.

The general military policy of combining separate, distinct, and completely unrelated offenses at a single trial coupled with the imposition of a single punishment for all offenses on which there is a finding of guilty is founded on practical considerations of expediency. See *United States v. Keith,* 1 U.S.C.M.A. 442, 4 C.M.R. 34 (1952); *United States v. Gettz,* 49 C.M.R. 79 (A.C.M.R. 1974). Of course, as can be seen from the quoted *Manual* language, it is not mandatory that all known offenses be tried at a single trial. The wording plainly indicates that the decision to refer all known charges to one trial is discretionary with the convening authority. See *United States v. Thomas,* 17 U.S.C.M.A. 22, 37 C.M.R. 286 (1967); *United States v. Gettz,* supra; *United States v. Rose,* 40 C.M.R. 591 (A.B.R. 1969), pet. denied, 40 C.M.R. 327 (1969); Department of the Army Pamphlet No. 27–2, Analysis of Contents, Manual for Courts-Martial, United States 1969, Revised Edition, at 7–1.

Those considerations aside, we have carefully scrutinized the circumstances of record and are convinced that the joinder of offenses was not unfair to the accused. As the staff judge advocate opined in his review, the evidence was not particularly complex. On the basis of the government's presentation of proof and the instructional guidelines given by the military judge, the court members were easily capable of segregating the facts and law pertaining to each specification in the case. See *Daly v. United States,* 119 U.S.App.D.C. 353, 342 F.2d 932 (1964). Moreover, the fact that the accused was acquitted on one of the larceny specifications compellingly demonstrates that the court members did not subjectively or otherwise infer guilt on one set of charges from the evidence of guilt as to the other.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, concurs.

ARROWOOD, Judge, did not participate.