**UNITED STATES**

**v.**

**Airman First Class Gregory S. SIFUENTES, FR 551–94–8893, United States Air Force.**

**ACM S24581.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Feb. 1978.

Decided 26 May 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz. Captain Paul H. Berens filed a brief in behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel Michel Levant, USAFR.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

Tried by special court-martial, with members, the accused pleaded guilty to selling marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for three months, to forfeit $265.00 per month for three months, and to be reduced to the grade of airman basic.

Four assignments of error made by defense counsel are without merit. See *United States v. Sitton*, 4 M.J. 726 (A.F.C.M.R. 1977); *United States v. Storms*, 4 M.J. 624 (A.F.C.M.R.1977), pet. denied, 4 M.J. 268 (C.M.A.1978); *United States v. Huff*, 4 M.J. 731 (A.F.C.M.R.1978), pet. denied, 5 M.J. 121 (C.M.A.1978); *United States v. Smith*, 4 M.J. 809 (A.F.C.M.R.1978).

One assignment of error merits discussion. Defense counsel was expecting to receive by mail several documents relating to the accused's prior service. The documents did not arrive in time to be introduced at trial, but did arrive at a later date and were submitted to the convening authority before he took his action. The documents consisted of a Letter of Appreciation, with indorsements, dated 14 January 1976, and "The Commander's Grand Job Certificate", dated 10 January 1976, both for the accused's work with Indo-Chinese refugees at Fort Chaffee, Arkansas. Also there was a Letter of Appreciation, dated 27 July 1976, and the "Soldier of God Citation", dated 10 August 1976, presented to him at the completion of his tour of active duty for his outstanding duty performance and dedication as a chaplain's assistant. Not having received these documents by the time of sentencing and not knowing when they would arrive, defense counsel introduced the accused's DD Form 214, Report of Separation from Active Duty. It not only reflected the honorable character of the service previously performed by the accused, but revealed that he had been awarded the National Defense Service Medal and the Marksman (Rifle) and Expert (Hand Grenade) ribbons. In his unsworn statement to the court, the accused told of the work he did with the Indo-Chinese refugees, and related that he had received several letters of appreciation for this work.

Appellate defense counsel contend that the trial defense counsel's failure to request a delay in trial until these documents could be obtained denied the accused to that extent effective representation.

The thrust of the mitigation evidence was the accused's failure to receive proper counseling at the technical training school and his family problems. There was a possibility that the benefit from this evidence would have been lost had there been a delay. The trial defense counsel was in the best position to evaluate the posture of the evidence and its impact upon the court. In this case, his failure to seek a continuance was a reasonable exercise of sound judgment.

We have also considered the nature and circumstances of the offenses to which the accused pleaded guilty, the evidence introduced as to the character of his prior service and the contents of the documents in question. It is our opinion that the documents in question would not have manifestly and materially affected the outcome of the court-martial's deliberation on the sentence had they been brought to its attention. *United States v. Rowe*, 18 U.S.C.M.A. 54, 39 C.M.R. 54 (1968); *United States v. Rosenblatt*, 13 U.S.C.M.A. 28, 32 C.M.R. 28 (1962). Therefore, we conclude that the failure of counsel to present these documents to the court members did not deprive the accused of effective assistance in regard to the sentence. *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977).

The findings and the sentence are correct in law and fact and are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.