UNITED STATES

v.

**Sergeant Charles I. ALEXANDER, FR 443–52–9829, United States Air Force.**

ACM S28138.

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 July 1989.

Decided 30 Nov. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Paul M. Dankovich.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain Leonard R. Rippey.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

Insisting that it is fundamental military practice that all existing charges be tried together, Sergeant Alexander argues that the convening authority erred by failing to refer the Charge and specification in the instant case to the appellant's *earlier* court-martial. We disagree and affirm.

*Summary of Proceedings*

After the appellant and his wife were injured on a commercial airline flight to Nashville, Tennessee, both received civilian medical treatment. The air carrier paid the hospital bills of each by separate check. The Government asserts that the appellant altered receipts to falsely show himself as having paid the bills. He then used these altered receipts to submit false claims to CHAMPUS. Eventually, CHAMPUS paid him on both claims.

Two courts-martial were to follow. The appellant faced his first special court-martial for larceny and presenting a false claim *vis-a-vis* his own personal bills. That trial took place in March 1989. Meanwhile, the Government was gathering additional evidence that he had filed another false claim for his wife's medical care. This allegation led to his second court-martial in July 1989.

Today, we review that second court-martial. Despite pleas of not guilty, he was found guilty of stealing over $768.00 from the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS). His sentence is a bad conduct discharge.

During this court-martial, the defense unsuccessfully sought to have the Charge and specification dismissed on the basis that the convening authority had failed to

refer them to the first court-martial. Defense testimony suggested that the Office of Special Investigations was suspicious of Sergeant Alexander *prior* to his first court-martial, even though the evidence might not have been perfected until after that trial. Disagreeing, the Government argued that the convening authority lacked sufficient particulars to refer the instant offense to the first panel.

### *"All Known Charges to be Tried Together"*

A proper assessment of appellant's assertion begins with Colonel Winthrop's oft-quoted maxim that all existing grounds of accusation must be presented together. Winthrop counsels that "care should be taken that *all* the charges and specifications to which the party may be subject be preferred together." Unlike civilian practice, he continues, military usage and procedure permit an indefinite number of offences to be charged and adjudicated together, "with a view to the summary and final action so important to military cases." Thus, he writes, these matters:

> should, if practicable, be preferred together and together brought to trial ... to bring one or a portion to trial separately, and the other or remainder to a further trial later, is an irregular proceeding.

Winthrop, *Military Law and Precedents* (1920 reprint) 152.

Little contained in the 1928 Manual for Courts–Martial reflected Winthrop's admonition. That Manual provided at paragraph 26:

> When it is intended to prefer charges, they should be preferred without unnec-. essary delay. Anything like an accumulation or saving up of charges through improper action is prohibited; but when good reason exists ... a reasonable delay is permissible if the person concerned is not in arrest or confinement.

The 1928 Manual also provided at paragraph 33 that:

> With due regard to the policies of the War Department and other superiors and subject to jurisdictional limitations, charges, if tried at all, should be tried by the lowest court that has power to adjudge an appropriate and adequate punishment.

For World War II-era cases dealing with this guidance, *see United States v. Gaillard,* 69 Board of Review 345, 386 (1947) and *United States v. Hammond,* 57 Board of Review 321, 327 (1945).

A significant expansion of the topic appeared in the 1951 Manual for Courts–Martial beginning at paragraph 25. Notably, Winthrop's proviso concerning one catchall trial enjoyed a revival. Paragraph 30*f* provided that:

> Subject to jurisdictional limitations, charges against an accused, if tried at all, *should be tried at a single trial* by the lowest court that has power to adjudge an appropriate and adequate punishment (emphasis added).

Precedents under the 1951 Manual reflect a view that it was appropriate military practice to charge all known offenses at a single military trial. However, the requirement was not viewed as mandatory by service Boards of Review. *See United States v. Adamson,* 33 C.M.R. 633, 635 (N.B.R. 1963); *United States v. Taylor,* 28 C.M.R. 752, 756 (A.F.B.R.1959); *United States v. Rose,* 40 C.M.R. 591, 594 (A.C.M.R.1969); *United States v. Awrey,* 22 C.M.R. 396, 398 (A.B.R.1956).

Just when everything seemed settled that the "single trial" guidance was optional, the Court of Military Appeals threw a legal monkeywrench into the judicial system. In *United States v. Showalter,* 15 U.S.C.M.A. 410, 35 C.M.R. 382, 385 (1965), Judge Ferguson commented that "it is not only normal *but required* that the convening authority try all known charges at the same time" (emphasis added). *See also United States v. Gubser,* 12 C.M.R. 229, 231 (A.B.R.1953).

With *Showalter,* Colonel Winthrop's maxim to try all known crimes together reached its zenith. However, soon thereafter the 1969 Manual for Courts–Martial gutted *Showalter.* Paragraph 30*g* underscored the nonobligatory nature of Winthrop's rule-of-thumb:

Subject to jurisdictional limitations and *at the discretion of the convening authority*, charges against an accused, if tried at all, *ordinarily* should be tried at a single trial by the lowest court that has power to adjudge an appropriate and adequate punishment (emphasis added).

There could be no doubt that the italicized words were deliberate. The Analysis of Contents of the Manual for Courts–Martial, 1969, DA Pam 27–2, (July 1970) revealed at Page 7–1 that the language was changed in light of Judge Ferguson's opinion in *Showalter* "to emphasize that the referral of all known offenses to one trial is discretionary and not mandatory with the convening authority."

For illustrative cases soon after adoption of the 1969 Manual, *see United States v. Gettz*, 49 C.M.R. 81 (N.C.M.R.1973); *United States v. Partridge*, 41 C.M.R. 548, 550 (A.C.M.R.1969). More recent cases dealing with that Manual's provision appear at *United States v. Freeman*, 23 M.J. 531, 537 (A.C.M.R.1986) (discretion of the convening authority, numerous citations); *United States v. Johnson*, 14 M.J. 710 (N.M.C.M.R.1982); *United States v. Smith*, 4 M.J. 809, 813 (A.F.C.M.R.1978) (excellent review of precedents). *See also United States v. Gamble*, 27 M.J. 298, 309 (C.M.A. 1988) (COX, J., concurring in part and dissenting in part).

The present 1984 Manual for Courts–Martial retains several traces of Colonel Winthrop's original dictum.

First, R.C.M. 307(c)(4) reads as follows:

(4) *Multiple offenses.* Charges and specifications alleging all known offenses by an accused may be preferred at the same time. Each specification shall state only one offense.

Second, Rule 306(b) states:

Allegations of offenses should be disposed of in a timely manner at the lowest appropriate level of disposition listed in subsection (c) of this rule.

The Analysis of this section points out that Rule 306(b) is based upon paragraph 30*g* of the 1969 Manual. *See* Analysis, Appendix 21, A 21–18.

Third, the non-binding Discussion accompanying R.C.M. 601(e)(2) states that "Ordinarily, all known charges should be referred to a single court-martial." For a case under the 1984 Manual addressing this matter in the context of a speedy trial, *see United States v. Honican*, 27 M.J. 590, 593 (A.C.M.R.1988).

Finally, R.C.M. 601(e)(2) reflects that in the convening authority's discretion, two or more offenses may be referred to the same court-martial, whether serious or minor.

### No Abuse of Discretion

■ If our historical analysis is correct, there is no current requirement that all known charges be brought at one time. Nonetheless, Sergeant Alexander urges that we grant him relief on the basis of underlying fair play. His argument is reminiscent of the appellant's contentions in *United States v. Gettz*, 49 C.M.R. at 83 and *United States v. Thomas*, 17 U.S.C.M.A. 22, 37 C.M.R. 286, 288–289 (1967). He basically contends that it was inequitable for the Government to have had two bites at him. In effect, he claims that he had to appear before the military judge at his second trial as an already-convicted jailbird; and now he is unjustly branded with *two* court-martial convictions. Finally, he suggests that a vindictive Government, enraged at not having secured a punitive discharge at his first court-martial, craved a bad conduct discharge and thus made him run his second and more devastating legal gauntlet.

■ We find no unreasonable or vexatious Government conduct here. We are convinced factually that the Government lacked sufficient information on Sergeant Alexander's "second" offense to refer it at the time of his first trial. Special Agent Davis of the Office of Special Investigations testified at the second court-martial that: (1) the original investigation was completed in December 1988; (2) his office finally obtained originals of the checks in question by mid-March 1989; (3) at that time an agent-trainee noticed that the endorsement signatures on the two checks appeared to be suspicious.

As indicated earlier, the original trial was held in mid-March 1989. During the second trial in July 1989, the military judge noted that he was satisfied that the offense presently before him "had not been established or perfected for trial at the time of the earlier court-martial of the accused." Accordingly, the military judge found no violation of the due process rights of the appellant.

We find the military judge's findings of fact sufficiently clear and well-articulated; we see no reason to disturb them. Like the military judge, we find no merit in the contention that the Government sought a punitive discharge by foul means. Neither was there an abuse of discretion by the convening authority. *See generally United States v. Gordon*, 27 M.J. 331, 333 (C.M.A.1989); *United States v. Travers*, 25 M.J. 61, 63 (C.M.A.1987); *United States v. Middleton*, 10 M.J. 123, 133 (C.M.A.1981). *See also United States v. Watts*, 21 M.J. 728, 729 (N.M.C.M.R.1985).

### Sentence Appropriateness

Appellate defense counsel ask us to consider carefully the matter of sentence appropriateness. No servicemember should fear that we turn him away without full consideration of such a plea.

 Sergeant Alexander has over 18 years of good service. As the Government appellate brief aptly concedes, his circumstances evoke compassion and empathy. He and his family have experienced crushing medical and personal problems through the years. At his first court-martial, the sentence awarded was a reduction to the grade of sergeant and seven months confinement. At his second court-martial, the sentence was a bad conduct discharge, standing alone. In addition, the veteran trial judge recommended clemency for the appellant.

Having weighed all the facts and circumstances, including the clemency recommendation from the trial bench, we find that the sentence in this case (considered both by itself and in conjunction with the sentence from the first court-martial) is appropriate. Moreover, contrary to the appellant's assertions, we have already stated that we discern no attempt by the convening authority to withhold offenses from the first court-martial in order to increase the appellant's punishment at a later trial. *See United States v. Thomas*, 37 C.M.R. at 285–286. In summation, we find no harm to his substantial rights. *See generally United States v. Healy*, 26 M.J. 394 (C.M.A.1988); *United States v. Holt*, 28 M.J. 835 (A.F.C.M.R.1989).

The findings of guilty and the sentence are correct in fact and law and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK concur.