[Crim. No. 436. Fourth Appellate District.—November 10, 1938.]

THE PEOPLE, Respondent, v. ERWIN P. WERNER et al., Appellants.

Morris Lavine for Appellants.

U. S. Webb, Attorney-General, Eugene M. Elson, Deputy Attorney-General, Buron Fitts, District Attorney, Jere J. Sullivan and Dionizio L. Di Vecchio, Deputies District Attorney, for Respondent.

BARNARD, P. J.—The defendants were charged with soliciting another to offer and join in the offer of a bribe, and with attempted grand theft.

It appears that one William McNeil was charged, in an action pending in the Superior Court of Los Angeles County, with grand theft, it being charged, among other things, that he had taken a considerable sum of money from one Mrs. Bovell. The defendant Erwin P. Werner, who was a lawyer, and his wife, the defendant Helen M. Werner, discussed with McNeil on several occasions a proposed settlement under which McNeil would put up $10,000 in cash and turn over certain property owned by him, most of which was to go to Mrs. Bovell by way of restitution. There is a dispute, however, as to what was to be done with $2,500 of the $10,000 which was to be put up in cash. The proposed settlement with Mrs. Bovell was considered for its supposed effect in obtaining a dismissal of the pending criminal charge against McNeil.

Soon after negotiations for such a proposed settlement started McNeil went to the office of the district attorney and as a result of that visit a dictograph was installed in the home of McNeil, and thereafter two members of the district attorney's staff concealed themselves in McNeil's house on several occasions and listened over the dictograph to conversations which took place between McNeil and one or both of these defendants, taking notes as to what was said. During these conversations McNeil agreed to turn over the property in question and hand $10,000 in cash to defendant Helen M. Werner, although there is a sharp conflict in the evidence with respect to what was to be done with $2,500 of that money. During the last of these conversations McNeil handed to Mrs. Werner an envelope which she thought contained $10,000 in currency, which she secreted in her clothes. As the defendants were leaving McNeil's house on this occasion they were arrested. When the envelope which had been given to Mrs. Werner by McNeil was opened it was found to contain two $1 bills and eight pieces of paper of a corresponding size. These were all marked and had been placed in the envelope with the knowledge of McNeil and members of the district attorney's staff.

In count I of the indictment which followed, each defendant was charged with a violation of section 653f of the Penal Code, committed as follows:

"That on or about the 27th day of August, 1937, at and in the County of Los Angeles, State of California, the said Erwin P. Werner and Helen M. Werner, and each of them, did willfully, unlawfully and feloniously solicit another, to-wit, William McNeil, to offer and join in the offer of a bribe to William E. Simpson, an executive officer of the State of California, to wit, Chief Deputy District Attorney of the County of Los Angeles, State of California, with the intent to willfully, unlawfully, feloniously and corruptly influence the said William E. Simpson, as such officer, in respect to the prosecution of the said William McNeil on a charge and charges of Grand Theft." In count II each defendant was charged with attempted grand theft, committed as follows:

"That on or about the 27th day of August, 1937, at and in the County of Los Angeles, State of California, the crime of Attempted Grand Theft, a felony, was committed by Erwin P. Werner and Helen M. Werner, and each of them, who at the time and place aforesaid, did wilfully, unlawfully and feloniously attempt to take Two Thousand and Five Hundred Dollars ($2,500.00) in money, lawful money of the United States, and of the personal property of one William McNeil."

After a trial by a jury each of the defendants was found guilty upon each count of the indictment. Judgments were pronounced sentencing each defendant to a term in the penitentiary under each count and providing that the sentences were to run consecutively. Each defendant has appealed from the judgments, respectively, and from an order denying a motion for a new trial.

The court gave the following instructions, which we have renumbered for convenience:

1. "It is contended by the prosecution that the defendants solicited William McNeil to offer and join in the offer of a bribe of $2500 to William E. Simpson; also that they actually intended and attempted to take and keep the money unlawfully for themselves.

"The defendants have denied that they are guilty of either of the offenses charged in the indictment, and contend that they did not solicit William McNeil to deliver to them any money for use as a bribe, but that William McNeil offered to deliver to them $10,000 which was to be partly used by them in making restitution to or settling a claim of one Edith

Bovell, and partly used to pay Mr. Werner an attorney's fee.''

2. ''A bribe is anything of value or advantage, present or prospective, or any promise or undertaking to give any, asked, given or accepted with the corrupt intent to influence unlawfully the person to whom it is given in his action, vote or opinion in any public or official capacity.

''You are therefore instructed that, if you find from all the evidence and beyond a reasonable doubt, . . . that, . . . , the defendants, or either of them, did solicit one William McNeil to offer or join in an offer of a bribe to William E. Simpson, . . . for the purpose and with the intent to corruptly influence said William E. Simpson as such officer . . . it is your duty to find such person or persons so aiding and abetting or counselling and advising, guilty of the crime of violation of said section 653–f, as set forth in the indictment herein.''

3. ''If you are convinced beyond a reasonable doubt that the defendants, or either of them, attempted to obtain the sum of $2500.00 from one William McNeil, and that said defendant, or defendants, falsely represented to the said William McNeil that the said $2500.00 or any part thereof was to be used for the purpose of bribing William E. Simpson, Chief Deputy District Attorney of the County of Los Angeles, State of California, and that at said time the said defendant, or defendants, had the intention not to use said $2500.00 for the purpose for which they sought that it be given to him, or her, or them, you should find such defendant, or defendants, guilty of the crime of attempting to commit Grand Theft, as charged in Count II of the indictment.''

The court also instructed the jury that each or either of the appellants might be found guilty upon either or both of the charges set forth in the two counts of the indictment.

Among other things, the appellants contend that they could not lawfully be found guilty on both counts, that the court erroneously instructed the jury in this regard, and that the verdicts are inconsistent and void for repugnance. In general, the contention is that the appellants, in seeking to obtain the $2,500 in question, could not have intended to solicit McNeil to offer and join in the offer of a bribe to this officer and at the same time have intended to obtain the

money for their own use by falsely pretending the other purpose.

The respondent contends that count I of the indictment simply charges that the appellants solicited McNeil to commit a particular crime, to wit, bribery, and "does not assign any other intent of the appellants than the intent to induce McNeil to commit the aforesaid crime of bribery"; that having charged the appellants with the crime of soliciting McNeil to commit the crime of bribery the indictment "necessarily described the crime which they solicited McNeil to commit"; that "the intent required to be established in a bribery case has no application under a charge of soliciting, under 653f" of the Penal Code; that that section does not require the existence of a particular intent since the law implies that the act of soliciting was done with criminal intent; and that, therefore, it was unnecessary to prove any intent on the part of the appellants in so far as this charge is concerned. It is then argued that since the crime of "soliciting", denounced by section 653f, is a separate and distinct offense from the crime of attempted grand theft, the two involving different elements, there is no inconsistency in finding the appellants guilty on both counts. Apparently, the respondent relies upon some intent implied by law as sufficient to sustain the verdict on the first count and upon a contrary intent, either shown by the evidence or implied by law, to sustain the verdict on the second count.

Without doubt, under proper circumstances, one can be convicted of two crimes growing out of one transaction when they constitute separate and distinct offenses. Where there is doubt as to which of two crimes a defendant intended to commit both may properly be charged in the same pleading, leaving it to the jury to determine from the evidence the particular crime that the accused intended to commit or that he in fact committed. But where it appears from the evidence that he could not have intended to commit one of the crimes, and a criminal intent in that regard cannot be implied, a conviction on both cannot be sustained. (*People* v. *Koehn*, 207 Cal. 605 [279 Pac. 646].) In that case the court held, in effect, that the defendant could not have intended to kill a certain person and at the same time and through the same acts have intended merely to scare that person in order

to induce him to take a certain action. The court there said:

"When from a single statement of facts it appears that a crime has been committed and there exists a doubt as to the particular crime the accused intended to commit, it is entirely proper to set forth the facts and circumstances in separate counts and charge the accused with as many specific crimes as the facts will warrant. The specific crime intended, or attempted to be committed, is a matter resting with the jury."

. . . . . . . . . . . . . .

"While the pleading is in harmony with the provisions of said section, that is to say, the jury was free to determine from the act the particular crime that the accused intended to commit, we are of the view, from the nature of the two offenses charged, that he could not be guilty of both." . . .

"Returning to the question whether a conviction on both counts of the information may be sustained, we are of the view that the two conclusions are inconsistent with each other and cannot be reconciled by the application of any rule by which the purposes of a rational mind may be determined."

In so far as material in this case the crime denounced by section 653f of the Penal Code is that of soliciting another to offer or join in the offer of a bribe. The bribe here referred to is that mentioned in section 67 of this code as one offered to an executive officer with the intent to influence him in certain respects. For the purposes of such a charge section 67 must be read in connection with section 653f and as if it were a part thereof. The offense denounced by the two sections, so far as material here, is the attempt to get another to join in the offer of a bribe to an officer with the intent to influence him in an official act. The crime is not in merely soliciting but in soliciting a certain thing with a definite intent. Such a bribery involves a specific intent and soliciting another to commit that crime necessarily involves the same intent as well as an intent to induce the other to participate in it. If the appellants did not intend to induce McNeil to join in using money to influence an officer they did not solicit him to do so, or have the "intent to induce McNeil to commit the aforesaid crime of bribery", as the respondent puts it.

The respondent admits that the crime of bribery, which the appellants were charged with soliciting McNeil to commit, was necessarily described in the indictment and yet it is argued that it had no relation to the charge against the appellants. The gist of this charge was that they solicited McNeil to commit a certain act of bribery. Intent is one of the essential elements of that crime (*People* v. *Sheffield*, 108 Cal. App. 721 [293 Pac. 72]), and this portion of the indictment was one of the main elements of this charge against the appellants.

It was necessary to show that the appellants solicited something for the purpose of furthering the commission of the crime of bribery, in which intent was an essential element. They were also charged with attempting to commit grand theft, where intent must be proved or implied by law. "In every crime . . . there must exist a union of intent and act." While a criminal intent may be inferred from the circumstances, both of these charges arose out of and are based upon the same acts. The main act that must be relied upon as a basis for both charges is the attempt to obtain the $2,500. Even assuming, as respondent contends, that a criminal intent is to be implied from the circumstances it might be an intent to solicit the offering or joining in the offering of a bribe or it might be an intent to secure this money for their own use through false pretenses, but it could hardly be both. The law could neither imply one intent when a different intent was established by the evidence nor imply two different and conflicting intents from the same act. We may say here, as was said in *People* v. *Koehn, supra,* "From the nature of the case we are unable to perceive upon any theory how the defendant could have intended to commit both of the offenses charged in the information."

In effect, the jury has here found that the appellants attempted to induce McNeil to join them in offering a bribe to this officer and to put up $2,500 for that purpose, and has also found that they did not attempt any such thing but did attempt to get that amount from him for an entirely different purpose. If a criminal intent is to be implied it cannot be implied both ways, and it is impossible to tell how the jury viewed the evidence. As a matter of fact and common sense it must be that if the appellants had any criminal intent at all they either intended to induce McNeil to enter

into a scheme to bribe this officer, or intended by pretending such a purpose to get $2,500 from him for their own use, and it is not possible that they intended or attempted to do both. In the one case the crime was that charged in the first count and in the other that charged in the second. The jury should have been instructed that they could find the appellants guilty on either count but not on both. (*People* v. *Lombard*, 131 Cal. App. 525 [21 Pac. (2d) 955].) The jurors were in fact instructed to the contrary and rendered their verdicts accordingly, and it cannot be told what their finding would have been had they been properly instructed. The judgments on the respective counts are inconsistent and cannot stand.

While the other points raised do not require consideration it should be noted that the instructions given with respect to the necessity of corroboration were conflicting, a matter which should be remedied on another trial.

The judgments and order are reversed and a new trial ordered.

Griffin, J., and Marks, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1938. Edmonds, J., voted for a hearing.