UNITED STATES, Appellee

v

LAVERNE CLARK, Sergeant, U. S.
Marine Corps, Appellant

20 USCMA 140, 42 CMR 332

No. 22,938

November 13, 1970

*Lieutenant Donald B. Brant, Jr.,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Frank J. McGee, Jr., Esquire.*

*Lieutenant James E. Akers,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

## Opinion of the Court

FERGUSON, Judge:

The appellant was convicted of three specifications each of bribery (Charge I) and larceny (Charge II), in violation of Articles 134 and 121, Uniform Code of Military Justice, 10 USC §§ 934 and 921.[1] His sentence to dishonorable discharge, total forfeitures, confinement at hard labor for one year, and reduction to the grade of E-1, remains unchanged. We granted review to determine whether the findings of guilty of Charges I and II must be disapproved on the ground of inconsistency, in that the offenses alleged are mutually exclusive.

The persons who allegedly paid the bribes and the victims of the larceny specifications were the same—Marine Privates Madsen, Kirk, and Kennedy. The appellant, a sergeant, was assigned duties as a troop handler for some on-the-job trainees, of which group these privates were members.

---

[1] The appellant was initially charged with ten specifications each of bribery and larceny but the court-martial returned findings of not guilty of seven specifications in each instance.

According to the evidence for the prosecution, the appellant let it be known to members of the group, either personally or through one of their class leaders, that if each of them paid him $20.00 he would see to it that they would be promoted to private first class. Madsen testified that he personally paid $20.00 to the appellant. Kirk and Kennedy testified that they each gave $20.00 to the class leader, Corporal Mingo, with the understanding that the money would be transmitted to the appellant. The latter denied his guilt under oath and the noncommissioned officer in charge of troop handlers testified that the appellant's duties had nothing to do with the promotion of eligible Marines to private first class.

Specification 1, Charge I, reads as follows:

"In that Sergeant Laverne CLARK, USMC, Storage Division Base Materiel Battalion, Marine Corps Base, Camp Pendleton, California, being at the time a Troop Handler for an On the Job Training Course for Occupational Field 3051, at Base Materiel Battalion, did, at Base Materiel Battalion, Marine Corps Base, Camp Pendleton, California, on or about 28 November 1967, wrongfully and unlawfully receive from Private Allan C. MADSEN, USMC, an On the Job Trainee in Occupational Field 3051 the sum of $20.00 in U. S. Currency with intent to have his action influenced with respect to an official matter in which the United States was and is interested, to wit: promotion of the said Private MADSEN to the rank of Private First Class."

Specifications 3 and 4, involving Kirk and Kennedy are identical except for the name of the payee and the date of the alleged offense.

Specification 1, Charge II, reads as follows:

"In that Sergeant Laverne CLARK, USMC, Storage Division, Base Materiel Battalion, Marine Corps Base, Camp Pendleton, California, did, at Base Materiel Battalion, Marine Corps Base, Camp Pendleton, California, on or about 28 November 1967, steal $20.00, U. S. Currency, the property of Private Allan C. MADSEN, USMC."

As in the specifications alleging bribery, larceny counts 3 and 4 are identical save for the names of the victims and the date.

With regard to the intent required in the offense of bribery, the law officer instructed the court that they must find beyond a reasonable doubt "that the accused received the alleged sum with intent to have his action influenced with respect to an official matter in which the United States was and is interested as alleged."

As to the charge of larceny, he told the court it must find that the accused "wrongfully obtained the property as alleged from the possession of another person." With reference to this element, he further instructed:

"With respect to the element that the accused wrongfully obtained the property alleged, obtaining property by *false pretense* is wrongful. A false pretense is a false representation of a past or existing fact. *The pretense must be in fact false when made and the accused must have known it was false.* Although the pretense need not be the sole cause for inducing the owner to part with his property, it is necessary that it be an effective and intentional cause of the obtaining." [Emphasis supplied.]

Appellate defense counsel contend that in accordance with the specifications alleging bribery and the law officer's instructions thereunder, the court members were required to find that the appellant, at the time he accepted the money, *actually intended to effect or assist in effecting, or at least not prevent, the promotion to private first class* of Madsen, Kirk, and Kennedy.

To the contrary, they aver, that a finding of false representation, as specified in the charge of larceny, together with the law officer's instruc-

tions, required a determination by the court that the accused *actually intended not to have his action influenced in regard to promotions, or to refrain from fulfilling his part of the understanding.*

In summary, they maintain, the appellant either made a true representation and actually intended to exercise some influence over promotions or he made a false representation and intended to take no action in regard to promotions. Assertedly, he could not harbor both intents simultaneously as they are contradictory.

Initially, the Government argues that the failure of the appellant to raise the issue of inconsistency at trial level is fatal to his attempt to raise it on appeal. Secondly, the Government asserts that this Court has adopted the law in the Federal system that consistency in the verdict is not necessary. The test, according to the Government, is whether the convictions are consistent with the evidence and not whether they are consistent with each other, and no one has alleged that the evidence is insufficient to support either of the findings. Lastly, since the offenses were considered multiplicious for purpose of sentence, any possible inconsistency was cured as the appellant was sentenced only for the offense of bribery.

The first and second positions of the Government overlook the fact that defense counsel, during the out-of-court hearing on the instructions, contended that the specifications alleging bribery and larceny were inconsistent; and, that it was on the basis of insufficiency of the evidence to sustain a finding of guilty of bribery that defense counsel unsuccessfully moved for a directed verdict of not guilty to Charge I and its specifications.

Since the maximum imposable confinement at hard labor for the three specifications of bribery is nine years, as the court was instructed, but only eighteen months for the larcenies, prejudice is apparent if in fact the appellant was guilty only of larceny.

The law with regard to the inconsistency of criminal verdicts is exten-

sively set forth in the annotation to United States v Wilson, 342 F2d 43 (CA2d Cir) (1965). See Criminal Verdict—Inconsistency, 18 ALR3d 259 to 395. Section 5 of this annotation reflects the following:

### "Inconsistency as between multiple guilty verdicts

"The general rule dispensing with the necessity for consistency as between the acquittals and guilty verdicts under a multicount indictment or information is not ordinarily applied where the jury returns multiple convictions as to crimes which are mutually exclusive of each other.

"US—Bernhardt v United States (1948, CA6 Ohio) 169 F2d 983, cert den 335 US 903, 93 L Ed 437, 69 S Ct 407, 408; Thomas v United States (1963, CA5 Tex) 314 F2d 936, cert den 375 US 849, 11 L Ed 2d 76, 84 S Ct 105; Marquez-Anaya v United States (1963, CA5 Tex) 319 F2d 610. [*Ibid.,* at page 283.]

". . . [Extensive citations of State cases omitted.]

"Accordingly, in Thomas v United States (1963, CA5 Tex) 314 F2d 936, cert den 375 US 849, 11 L Ed 2d 76, 84 S Ct 105, the court, without discussing the rule that consistency is not required in criminal verdicts, held that convictions for smuggling marijuana, and for transporting and concealing it without paying the transfer tax, were reversibly inconsistent, where the latter count was necessarily predicated upon defendant's having acquired the marijuana within the United States.

·　　·　　·　　·　　·

"And in People v Broome (1964) 21 App Div 2d 899, 251 NYS2d 747, revd on other grounds 15 NY2d 985, 260 NYS2d 6, 207 NE2d 603, the court, while recognizing that consistency in criminal verdicts is not always necessary, found error in convictions on counts charging both false pretenses and larceny as to the same money. The court pointed out that having been convicted of ob-

taining the money by false pretenses, defendant could not be said to have also stolen it within the common-law definition of larceny." [*Ibid.*, at page 284.]

People v Werner, 29 Cal App 2d 126, 84 P2d 168 (1938), is directly in point with the case at bar. In *Werner*, the defendants were charged with and convicted of soliciting another to offer and join in the offer of a bribe and attempting grand theft. The evidence constituting the two offenses was the same. After setting forth the evidence in the case and the instructions of the trial judge, the court in *Werner* said, at pages 170–172:

"Without doubt, under proper circumstances, one can be convicted of two crimes growing out of one transaction when they constitute separate and distinct offenses. Where there is doubt as to which of two crimes a defendant intended to commit both may properly be charged in the same pleading, leaving it to the jury to determine from the evidence the particular crime that the accused intended to commit or that he in fact committed. But where it appears from the evidence that he could not have intended to commit one of the crimes, and a criminal intent in that regard cannot be implied, a conviction on both cannot be sustained. People v Koehn, 207 Cal 605, 279 P 646. In that case the court held, in effect, that the defendant could not have intended to kill a certain person and at the same time and through the same acts have intended merely to scare that person in order to induce him to take a certain action. The court there said (page 647):

'When from a single statement of facts it appears that a crime has been committed, and there exists a doubt as to the particular crime the accused intended to commit, it is entirely proper to set forth the facts and circumstances in separate counts and charge the accused with as many specific crimes as the facts will warrant. The specific crime in-

tended, or attempted to be committed, is a matter resting with the jury.

'While the pleading is in harmony with the provisions of said section, that is to say, the jury was free to determine from the act the particular crime that the accused intended to commit, we are of the view, from the nature of the two offenses charged, that he could not be guilty of both.

'Returning to the question whether a conviction on both counts of the information may be sustained, we are of the view that the two conclusions are inconsistent with each other and cannot be reconciled by the application of any rule by which the purposes of a rational mind may be determined.'

.      .      .      .      .

"It was necessary to show that the appellants solicited something for the purpose of furthering the commission of the crime of bribery, in which intent was an essential element. They were also charged with attempting to commit grand theft, where intent must be proved or implied by law. 'In every crime * * * there must exist a union of intent and act.' While a criminal intent may be inferred from the circumstances, both of these charges arose out of and are based upon the same acts. The main act that must be relied upon as a basis for both charges is the attempt to obtain the $2,500. Even assuming, as respondent contends, that a criminal intent is to be implied from the circumstances it might be an intent to solicit the offering or joining in the offering of a bribe or it might be an intent to secure this money for their own use through false pretenses, but it could hardly be both. The law could neither imply one intent when a different intent was established by the evidence nor imply two different and conflicting intents from the same act. We may say here, as was said in People v Koehn, supra, 'From the

**143**

nature of the case we are unable to perceive upon any theory how the defendant could have intended to commit both of the offenses charged in the information.'

"In effect, the jury has here found that the appellants attempted to induce McNeil to join them in offering a bribe to this officer and to put up $2,500 for that purpose, and has also found that they did not attempt any such thing but did attempt to get that amount from him for an entirely different purpose. If a criminal intent is to be implied it cannot be implied both ways, and it is impossible to tell how the jury viewed the evidence. As a matter of fact and common sense it must be that if the appellants had any criminal intent at all they either intended to induce McNeil to enter into a scheme to bribe this officer, or intended by pretending such a purpose to get $2,500 from him for their own use, and it is not possible that they intended or attempted to do both. In the one case the crime was that charged in the first count and in the other that charged in the second. The jury should have been instructed that they could find the appellants guilty on either count but not on both. People v Lombard, 131 Cal App 525, 21 P2d 955. The jurors were in fact instructed to the contrary and rendered their verdicts accordingly, and it cannot be told what their finding would have been had they been properly instructed. The judgments on the respective counts are inconsistent and cannot stand."

Simply stated, the issue in the case at bar resolves itself into a question of whether the court members could, on the one hand, find beyond a reasonable doubt that the appellant asked for and received $20.00 from each of three named individuals "with intent to have his action influenced" and at the same time find, also beyond a reasonable doubt, that he knowingly and falsely represented what he intended to do. We believe that they could not. The two findings are *mutually exclusive*. Either he intended to exert his influence to effectuate their promotion to private first class or he did not. In the words of People v Werner, supra, "it is not possible that . . . [he] intended or attempted to do both." (*Ibid.*, at page 171.)

Nothing in this opinion is to be construed as a departure from our adherence to the general law in the Federal system that consistency in the verdict is not necessary. United States v Jackson, 7 USCMA 67, 21 CMR 193 (1956); United States v Doctor, 7 USCMA 126, 21 CMR 252 (1956); United States v Littlepage, 10 USCMA 245, 27 CMR 319 (1959); Dunn v United States, 284 US 390, 76 L Ed 356, 52 S Ct 189 (1932); Annotation, Criminal Verdict—Inconsistency, 18 ALR3d, section 3, at page 274.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The Court of Military Review may affirm the accused's conviction for the offense of larceny and reassess the sentence or a rehearing may be ordered.

Chief Judge QUINN and Judge DARDEN concur.