**UNITED STATES**

v.

**Airman Basic Merlyn M. RILEY, Jr., FR 200–50–4953, United States Air Force.**

**ACM S24617.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 April 1978.

Decided 6 Sept. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison. Captain Bryce F. Puissegur on the Brief.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

HERMAN, Judge:

Tried by a special court-martial consisting of a military judge, the accused was convicted, in accordance with his pleas, of housebreaking and larceny, in violation of Articles 130 and 121, respectively, of the Uniform Code of Military Justice, 10 U.S.C. §§ 930, 921. In a single assignment of error, appellate defense counsel assert that two written records of nonjudicial punishment under Article 15, Code, supra, on which the accused acknowledged his understanding that military counsel was available to him, but which fail to reflect whether the accused consulted counsel, violated the mandate of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), and should not have been admitted into evidence. We disagree and affirm.

The written records in question, AF Forms 3070, Notification of Intent to Impose Nonjudicial Punishment, consist of the same form as was discussed in *United States v. Smith*, 4 M.J. 809 (A.F.C.M.R. 1978), and *United States v. Huff*, 4 M.J. 731 (A.F.C.M.R.1978). The form provides de-

tailed information concerning the accused's right to demand trial by court-martial, his right to remain silent, or to provide matters in defense, mitigation and extenuation. With regard to counsel, the letters state:

5. If you request it, military legal counsel will be made available, free of charge, to help you decide whether you should accept nonjudicial punishment or demand a court-martial and what you should do about presenting matters in defense. You should take advantage of your right to counsel if you have any questions or want any help. If you need assistance in obtaining counsel, contact: Area Defense Counsel, Building 408, extensions 43114/43496.

In his response to these letters, the accused checked the alternatives stating, "I accept nonjudicial punishment," and "I do not desire to make a written presentation," and signed the letters. On one of the letters, he checked the choice in which he desired to make an oral presentation, and on the other, he chose not to make such presentation.

On both responses the accused signed, paragraph 10 states, "I understand that military legal counsel is available to me free of charge and I ☐ have ☐ have not consulted counsel." Neither box was checked by the accused in either letter.

Appellate defense counsel argue that since the accused apparently did not consult with counsel before accepting non-judicial punishment in these two instances, the judge was required, on the record, to establish a voluntary, knowing and intelligent waiver by the accused. We cannot agree. The accused received comprehensive advice in the letters of the commander to him; he made conscious, knowledgable choices in his responses, as we must assume that he read the letters before he signed them. That he did not indicate whether he had availed himself of the services of counsel is irrelevant. The significant fact is that in each instance he was advised to seek counsel, provided his address and telephone number, and that he acknowledged this advice. No more is required by the language of *United States v. Booker*, supra at 243. As we wrote in *United States v. Smith*, supra, at 811:

The defense at trial did not object to the court's consideration of the Article 15 evidence. Under the circumstances, there was simply no need for the military judge to conduct an inquiry on the record to establish anything. All necessary information was plainly self-evident in the Article 15 correspondence.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and ORSER and ARROWOOD, Judges, concur.