UNITED STATES

v.

Daniel Walter HONEYCUTT, 413 02 4028,
Hull Technician Fireman (E–3),
U. S. Navy.

NCM 78 1180.

U. S. Navy Court of Military Review.

Sentence Adjudged 5 April 1978.

Decided 21 Dec. 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and MICHEL and GRANGER, JJ.

GRANGER, Judge:

Appellant was found guilty of 12 drug-related offenses involving the possession, transfer and sale of marijuana and cocaine in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 and Article 1151, U. S. Navy Regulations (1973).

■ Appellant contends that the military judge erred in accepting guilty pleas to these offenses because he failed to inquire whether appellant's drug transactions were for authorized medical purposes. He points out that regulations proscribe possession, sale or transfer of marijuana or cocaine "[e]xcept for authorized medicinal purposes," and he argues that, pursuant to the Court of Military Appeals' decision in *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978),

it is necessary for the military judge to establish on the record during a plea-providency hearing that this exception is inapplicable. Appellant urges this Court to set aside his pleas in this case because the judge did not negative this exception.

We do not believe that *United States v. Verdi* has such far-reaching ramifications. Assuming, *arguendo*, that it does place such a requirement upon the military judge, however, we find that the record establishes that appellant's drug involvement was not for authorized medicinal purposes.

Unquestionably, *appellant* was convinced that his conduct violated Article 1151 and did not fall within this exception. By reading pertinent parts of that regulation, the military judge informed appellant that possession, sale and transfer of drugs for authorized medicinal purposes is not prohibited by Article 1151. Appellant thereafter stated that he understood the meaning and effect of his guilty plea, that he had discussed every aspect of the case with his counsel and that he was satisfied that he had no defense to the charge that he violated that regulation.

Appellant's conclusion is supported by the facts elicited by the military judge during his providency inquiry. The judge established that appellant was a hull technician fireman and that the buyer was a seaman apprentice. Both were serving as mess cooks aboard the USS Fairfax County, which was in drydock. One day during the lunch hour aboard ship, the buyer asked appellant if appellant could get him 2 "dimes" of cocaine. Appellant said he would "see what he could do for him." The sale was consummated the following day after working hours in the bedroom of appellant's home in Virginia Beach, where .14 grams of cocaine and $20.00 changed hands. During another lunch hour aboard the ship, the buyer informed appellant that he was planning a party and asked appellant if he could get him "three bags of Columbian and eight 'Thai sticks.'" The sale was again scheduled for the following evening. When the buyer came to appellant's home to effect the transaction, he only had $100.00 with him, and appellant refused to sell on credit because, as appellant explained to the judge, "he was a friend of mine, but not close enough to where I would give him drugs without the money received because I had got it fronted to me." The buyer, therefore, purchased four Thai sticks of marijuana, weighing 4.4 grams, for $100.00. He left two friends at appellant's house, and stated he would "go to the party and get the rest of the money . . . that he would go back and get his bank roll, or whatever. . . ." The buyer returned shortly and completed the transaction, paying appellant an additional $220.00 for the remaining four Thai sticks and three bags of marijuana. The final transaction was negotiated and consummated in the same manner and places as the others, with the buyer paying appellant $130 for 3 bags of marijuana weighing a total of 3½ ounces. Appellant stated that in selling this marijuana he was returning a favor, because the buyer had earlier obtained a bag of marijuana for appellant.

It is clear that appellant's possession of marijuana and cocaine was for the purpose of sale. We think the circumstances make it equally clear that the sales and transfers were not for authorized medicinal purposes.

Two of the drug purchases were made to obtain drugs for a party. Appellant made it clear that friendship provided the impetus for these transactions, and in discussing his motive never mentioned illness or disease, prescriptions, scientific research or duty. Further, the participants employed the jargon of the streets and not that of scientific or medical professions. "Thai sticks" and "bags" and "dimes" are not units of measure favored by those precisionists traditionally authorized to sell and dispense drugs. Also, inasmuch as members of the armed forces are provided free medical care and medicine, it is contrary to the experience of the military community that a seaman apprentice would, in one month, spend more than one month's pay for authorized medicinal drugs. Additionally, it denigrates the vocation of neither mess cooks nor hull technician firemen to recognize

that these are not pursuits from whence spring authorized dispensers of drugs, and it would be highly unusual, and probably unique in the annals of the Naval service, for the Commander-in-Chief or any other civilian or military authority to authorize a member of the armed services to possess, sell or transfer marijuana and cocaine in the manner described in the record. The lunch hour negotiations, the bedroom transactions, the packaging of the drugs and the amount of money involved circumstantially support a finding that these sales and transfers were illicit.

In summary, we find that the totality of the circumstances set forth in the record establish to a moral certainty that appellant's drug involvement was not for authorized medicinal purposes. The military judge properly accepted appellant's pleas of guilty.

■ During the presentence hearing, the Government offered in evidence a page from appellant's application for enlistment. This document reflected that appellant, when he was a juvenile, had on two occasions been fined $50 for possession of marijuana. The documents also contained the following statement signed by appellant:

I HAVE BEEN INVOLVED WITH THE EXPERIMENTAL USE OF MARIJUANA IN THE PAST. I HAVE NOT BEEN INVOLVED WITH ANY OTHER TYPE OF DRUG ABUSE. I FULLY RECOGNIZE THE NEGATIVE INFLUENCE OF DRUG ABUSE AND CATEGORICALLY REJECT THE ABUSE OF DRUGS BOTH NOW AND FOR THE FUTURE.

The military judge refused to admit the record of juvenile adjudications or the evidence of fines. He did admit in evidence the statement quoted above.

Appellant contends that it was error for the trial judge to admit "any part of appellant's application for enlistment for any purpose—limited or otherwise—whatsoever." He cites as supportive of his assertion this Court's decision in *United States v. Martin*, 5 M.J. 888 (N.C.M.R.1978). That case is inapposite.

In *Martin*, and in an earlier unpublished decision cited in *Martin*, we held that enlistment papers showing an accused's preservice misconduct were not admissible under paragraph 75*d*, *Manual for Courts-Martial, United States, 1969* (Revised edition) and Article 0117, Manual of the Judge Advocate General. We interpreted those provisions as permitting in evidence personnel records relating to past conduct and performance since entering military service. In dictum, however, we recognized that those documents concerning preservice misconduct could be admissible for some other purposes.

In the instant case, the quoted statement of the accused was not admitted as "personnel records" reflecting "the past conduct and performance of the accused." Paragraph 75*d*, *Manual for Courts-Martial, United States, 1969* (Revised edition). Indeed, the members were admonished that they could not consider the evidence for that purpose. The evidence here was properly admitted as "[m]atter showing aggravation of an offense to which a plea of guilty has been entered," pursuant to paragraph 75*b*(3) of the *Manual, supra*. The evidence showed that, although appellant recognized the harmful effect of drug abuse and would not use drugs himself, he would sell drugs to fellow service members. This evidence, therefore, better defined the enormity of the crimes for which appellant was being sentenced. It was admissible for that purpose.

Specifications 7, 8 and 9 under the charge allege that appellant respectively sold, transferred and possessed 76.3 grams of marijuana. The providency inquiry elicited nothing regarding the total weight of the marijuana involved in those offenses, although the price, and the fact that 4 Thai sticks and 3 bags of marijuana were sold, would indicate that these offenses involved a larger amount of marijuana than did the other transactions. We remedy this omission in our action below.

We affirm the findings as to specifications 7, 8 and 9 under the charge except for

the words and figures "76.3 grams of." The remaining findings are affirmed. Upon reassessment of the sentence, we affirm it also.

Judge MICHEL concurs.

BAUM, Senior Judge (concurring in part/dissenting in part):

I concur with all in the majority opinion save that portion dealing with admission in evidence of Prosecution Exhibit 1, a document reflecting preservice use of marijuana and a categorical rejection of future drug abuse. Although *United States v. Martin*, 5 M.J. 888 (N.C.M.R.1978) and *United States v. Galloway*, No. 76 1677 (N.C.M.R. 14 September 1976) both contemplate instances when the conditions of enlistment or preservice conduct would be admissible in evidence, such as proper matter in rebuttal or as evidence bearing on the validity of an enlistment for jurisdictional purposes, such evidence is, as a general rule, inadmissible. This is particularly so when the purpose is to bring the accused's past conduct to bear on the question of an appropriate sentence. That was the prosecution's objective in this case, as brought out in cross-examination of defense witnesses and in argument on the sentence, when in each instance he emphasized that the instant offenses were not the appellant's first involvement in drug abuse. The use of Prosecution Exhibit 1 was clearly violative of the rule in *United States v. Martin* and *United States v. Galloway, supra*, and in my view, the judge's limiting instruction was inadequate to cure the prejudicial effect of this error. I would reassess the sentence accordingly.