UNITED STATES, Appellee,

v.

Samuel E. GORDON, Sergeant, U.S. Army, Appellant.

No. 59,864.

CM 8601014.

U.S. Court of Military Appeals.

Jan. 9, 1989.

For Appellant: *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Major Eric T. Franzen, Captain Brian D. Digiacomo* (on brief); *Lieutenant Colonel Joel D. Miller* and *Major Marion E. Winter.*

For Appellee: *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto, Captain James K. Reed* (on brief); *Captain George R. Gillette.*

*Opinion of the Court*

COX, Judge:

On July 15, 1988, this Court specified the following issue:

DID THE MILITARY JUDGE HAVE DISCRETION UNDER MILITARY RULE OF EVIDENCE 615, AND IF SO, DID HE ABUSE THAT POWER BY ALLOWING, OVER DEFENSE OBJECTION, A MEDICAL EXPERT TO SIT AT THE PROSECUTION TABLE DURING MEDICAL TESTIMONY FROM ANOTHER WITNESS PRIOR TO THAT EXPERT BEING CALLED AS A GOVERNMENT WITNESS?

We hold that the military judge properly construed Mil.R.Evid. 615, so we affirm.

Appellant was tried for wrongful use of cocaine.* During its case in chief, the

* Sergeant Gordon was tried by a special court- martial composed of officer and enlisted mem-

Government offered the testimony of Dr. Mary Jo Fyfe, an employee of Compuchem Laboratory, the laboratory that tested appellant's urine sample and discovered therein the presence of cocaine metabolites. She was called to testify as to the procedures employed and to explain the "positive" results.

Before her testimony, trial counsel announced the presence at counsel's table of Dr. Nareesh Jain, a prospective government expert in toxicology. Defense counsel promptly objected to Dr. Jain's presence in the courtroom, but his objection was overruled.

Whether experts can remain in the courtroom during the testimony of other experts is not a question of first impression before this Court. *United States v. Croom*, 24 MJ 373 (CMA 1987). We granted the specified issue because of the increasing use of experts, both government and defense, and the potential use of the experts to the respective counsel. Therefore, we wanted to refresh counsel's understanding of the rule.

■ Mil.R.Evid. 615(3), Manual for Courts-Martial, United States, 1984, requires exclusion of witnesses from the courtroom unless it is determined that the witness is "a person whose presence is shown by a party to be essential to the presentation of the party's case." Commentators have described such persons as "most commonly ... expert witnesses," albeit agreeing that the rule is not limited to experts. S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* (hereafter Saltzburg) 578 (2d ed. 1986).

We agree with this analysis. Experts are allowed to come into the courtroom to "assist the trier of fact to understand the evidence," so it may be essential that the expert hear and understand the evidence with which he or she is to deal. Mil.R. Evid. 702. Furthermore, Mil.R.Evid. 703 permits the expert to base his or her opinion upon "facts or data in the particular case" which are "perceived by or made known to the expert, *at* or before *the hearing*." (Emphasis added.)

The rules of evidence also envision employment of experts as "representatives" of counsel. Mil.R.Evid. 502(a); R.C.M. 706, Manual, *supra; United States v. Toledo*, 25 MJ 270 (CMA 1987), *cert. denied*, — U.S. ——, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988). Likewise, concerns for military due process provide for expert assistance in appropriate cases. *United States v. Garries*, 22 MJ 288 (CMA), *cert. denied*, 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986). None of these experts needs to be excluded automatically from the courtroom because of concerns of sequestration under Mil.R.Evid. 615.

■ The purpose of sequestration under Mil.R.Evid. 615 was "the belief that if witnesses were allowed to hear each other's testimony, the possibility of collusion or the unconscious melding of stories was too great." Saltzburg, *supra* at 577. These concerns are normally not present where the "expert" is being used to provide counsel or the court-martial "scientific, techni-

---

bers on October 2, 23, and 27, 1986, at Fort Hood, Texas. Contrary to his pleas, he was convicted of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. His sentence to confinement for 2 months, reduction to pay grade E–1, and a bad-conduct discharge was approved by the convening authority. The Court of Military Review affirmed the findings and sentence in a short-form opinion on June 9, 1987. On March 10, 1988, appellant filed a petition for grant of review with this Court, and on April 11, 1988, appellate defense counsel filed a supplement raising no errors, but listing, pursuant to

*United States v. Grostefon*, 12 MJ 431 (CMA 1982), three errors personally raised by Sergeant Gordon. Appellate government counsel raised no objection to the timeliness of appellant's petition for grant of review, and they did not file an answer to appellant's supplement to petition. On July 15, 1988, we granted review on the issue specified by this Court. On August 4, 1988, appellate government counsel moved to dismiss appellant's petition for grant of review as untimely filed. This motion was denied on September 26, 1988, and briefs were filed on the granted issue.

cal, or other specialized knowledge." Mil. R.Evid. 702.

 There are circumstances, of course, where even a lay witness need not be excluded from the courtroom under this rule. If that witness is a government witness, the military judge would be wise to make findings of "essentiality," particularly when faced with a defense objection. Likewise, exclusion of a defense witness claimed to be essential, whether that witness be a lay person or an expert, should be accompanied by findings of "nonessentiality."

Most logical, well-articulated rulings under the Military Rules of Evidence, accompanied by findings of fact, are difficult to challenge as being "an abuse of discretion." Here, the military judge properly allowed the government expert to remain in the courtroom, and he articulated his reasons therefor on the record. We find no error in his ruling.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in part):

Trial counsel profferred the following reason for permitting this government expert to sit at the counsel table:

TC: Your Honor, Doctor Jain is an independent expert, not employed or associated with Compuchem in any way. His expertise...he is an expert in the field of toxicology and I intend to offer him as such today in court. Doctor Fyfe will be testifying about what occurred at Compuchem, how the test is run at Compuchem. Doctor Jain will later be offered, during his testimony, as to evidence of whether or not these procedures, these particular procedures by Compuchem, are those that are generally accepted in the scientific community. It would be very difficult for the government to reiterate the testimony of Doctor Fyfe in the form of a hypothetical question and ask whether or not these procedures that...are those that are generally accepted in the scientific community.

\* \* \* \* \* \*

TC: In addition, Your Honor, it is a very very complex subject in which few of us have any experience. Doctor Jain has been employed to aid me in understanding and presenting that evidence to the panel and the court-martial.

The military judge accepted this explanation, stating:

MJ: Very well, I will permit Doctor Jain to sit at counsel table as I find that, from your offer or your summarization of the testimony from Doctor Fyfe and the complexities of these matters, it would be helpful to the trier of fact to have the doctor sit there and listen to what Doctor Fyfe is going to say or testify to and then be able to testify when it becomes his turn.

I agree that the military judge did not abuse his discretion in permitting this expert witness to remain in the courtroom. *United States v. Croom*, 24 MJ 373 (CMA 1987). However, to the extent the majority opinion suggests a broader rule, I disagree.