**UNITED STATES**

v.

**Airman Wallace ROBERTS, Jr., FR 254–11–4233, United States Air Force.**

**ACM 27604.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Feb. 1989.

Decided 25 Jan. 1991.

---

**682**

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Lieutenant Colonel Frank J. Spinner and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr.; Major Terry M. Petrie; Major Carole W. Hanson; Captain Joseph V. Treanor, III; Captain David G. Nix; Captain Morris D. Davis and Major Glenn B. Hammond, USAFR.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

### OPINION OF THE COURT

KASTL, Senior Judge:

Airman Roberts was found guilty of larceny of $500.00 and wrongfully possessing "brass knuckles," in violation of Articles 121 and 134, UCMJ, 10 U.S.C. §§ 921, 934. Tried at a general court-martial bench trial, he was sentenced to a bad conduct discharge, confinement for eight months, total forfeitures, and reduction to airman basic.

*Search of the Appellant*

■ Roberts' pleas to these offenses were conditional. He had argued before the military judge—without success—that the knuckles and money were inadmissible. Roberts insisted that the search of his person by security policemen which uncovered these objects was illegal because he had: (a) merely acquiesced to authority; and (b) withdrawn his consent during the search.

After hearing the participants testify, the military judge found as follows: Roberts had first informed Senior Airman T that he wanted the search stopped; T then left to get Sergeant H; when H and T returned, the appellant changed his mind, stating, "Sure you can search me, and you can search my room, and I will even go in

the bathroom and take my clothes off." Given these salient facts, the judge then concluded that the accused originally consented to a body search, later told T to stop, and then again consented to be searched in the presence of Sergeant H. That second consent, the judge found, was never withdrawn. It resulted in the discovery of the $500.00 and the brass knuckles.

We find no error in the judge's rulings on this evidentiary question. It is significant, we think, that the military judge discounted the testimony of the appellant and T but found Sergeant H completely credible. Her logical, well-articulated conclusions are difficult to fault as an abuse of discretion. *See United States v. Gordon,* 27 M.J. 331, 333 (C.M.A.1989); *United States v. Burris,* 21 M.J. 140, 144 (C.M.A. 1985). Upon our own analysis, we too are convinced that the appellant consented to the search which uncovered the money and weapon.

### Article 134 Concerns

We identified another concern after this case reached us. The brass knuckles offense was charged as a violation of Article 134 in some sort of hybrid specification grounded upon both assimilating Texas Code Annotated Penal Section 46.06 and conduct prejudicial to good order and discipline. Thus, the specification appears to point, Janus-like, to both clauses (1) and (3) of Article 134.

We expressed our concerns in a certified question to appellate counsel. The Government's first response argued that "clearly, under the facts of this case," the appellant was prosecuted under clause (3) of Article 134, by which the Texas statute had been incorporated into military law.[1]

■ The appellant seemingly had the last laugh, however. In subsequent developments, an affidavit arrived from the staff judge advocate of the installation in question, Bergstrom Air Force Base, Texas. It revealed that the Government held the relevant portion of Bergstrom under "proprietary jurisdiction." Neither exclusive nor concurrent United States jurisdiction existed. So there is no legal toe-hold for the prosecution to assimilate Texas law—that can only be done when the Government enjoys exclusive or concurrent jurisdiction. *See* Air Force Pamphlet 110-3, *Civil Law,* para. 15–5 (11 Dec 1987); *see generally United States v. Rowe,* 13 U.S.C. M.A. 302, 32 C.M.R. 302 (1962).

As for Theory A: A prosecution under clause (3) of Article 134, applying the Assimilative Crimes Act, clearly fails. The Government possesses jurisdiction here only as a tenant—and that is insufficient to trigger the process of assimilation. *See* MCM, Part IV, para. 60c(4)(c)(ii); Air Force Pamphlet 110–3, *Civil Law,* para. 15–5 (11 Dec 1987). The Government also runs afoul of the recent guidance of the Court of Military Appeals in *United States v. Sadler,* 29 M.J. 370 (C.M.A.1990) and *United States v. Irvin,* 21 M.J. 184 (C.M.A.1986) as to what must be shown before the Assimilative Crimes Act is applicable.[2]

■ As for Theory B: Alternatively, a case premised on clause (1) of Article 134, conduct prejudicial, is flawed too. We have no indication that the parties at trial recognized that "prejudice to good order and discipline" was the operative theory of the case. Significantly, the military judge appeared to treat "prejudice to good order and discipline" as an afterthought, conducting the guilty plea inquiry on this point well after findings and just prior to argument on sentencing. We think this record falls short of establishing the adequacy of the appellant's providence inquiry relating to the specific offense as prejudicial conduct.

---

1. The Texas statute has not been appended to the record of trial in this case, as required by Air Force Regulation 111–1, *Military Justice Guide,* para. 13–1 (30 September 1988).

2. We do not find *United States v. Kline,* 21 M.J. 366, 357 (C.M.A.1986), dispositive. Here, nei-

ther concurrent nor exclusive jurisdiction ever existed. Moreover, *Kline* was a guilty plea case. (The appellant entered conditional guilty pleas in this case; the condition was his opportunity to litigate further a consent to search issue).

Perhaps in the New Jerusalem [3], things will not go awry for advocates. On the present facts, however, we find the prosecution case on this Charge and specification fatally flawed on either theory. The Government has nimbly attempted to salvage the case on the premise it rejected earlier—that the appellant's possessing the brass knuckles violated clause (1) of Article 134, conduct prejudicial to good order and discipline. We find neither explanation adequate to credibly support a finding of guilty under Article 134. *See* MCM, Part IV, para. 60c(2)(a) and c(4)(c)(ii).

In the interest of judicial economy, we will dismiss Charge II and its specification. *See United States v. Perry,* 12 M.J. 112, 113 (C.M.A.1981) (Sum. Dis.). *See generally* Moyer, Justice and the Military, sec. 5–173 (1972); Garver, "The Assimilative Crimes Act Revisited: What's Hot, What's Not," Army Lawyer (December 1987) 12; Lonergan, "Defense Strategies and Perspectives Concerning the Assimilative Crimes Act," Army Lawyer, (August 1986) 57; Criminal Law Study Guide, U.S. Navy, pp. 5–32 to 5–36 (May 1990).

### *Remedy*

■ We now reassess the sentence. The original sentence is a bad conduct discharge, confinement for eight months, total forfeitures, and reduction to airman basic. We recognize that Roberts has already served his sentence; a reduction in confinement would be an empty gesture.

The appellant's larceny of $500.00 remains before us. We believe an appropriate sentence for that offense is a bad conduct discharge, confinement for five months, forfeitures of $400.00 per month for five months, and reduction to airman basic. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

Charge II and its specification are dismissed. The findings of guilty of Charge I and its specification and the sentence, as

**3.** Revelations 21:2.

**4.** Prosecution Exhibit 3 is a reproduction of United States currency. We remind practitioners that photographs or other reproductions of obligations or securities of the United States,

modified, are correct in fact and law [4]. Article 66(c), UCMJ. Upon review of the entire record, they are

AFFIRMED.

Senior Judge MURDOCK concurs.

Judge MILLS did not participate in this decision.

foreign currency, and other official items are forbidden. A written description will normally suffice. *See* Air Force Regulation 111–1, *Military Justice Guide,* para. 14–9n(5).